BOARD OF SCHOOL DIRECTORS OF THE TOWN OF ASHLAND, Appellant, vs. THE CITY OF ASHLAND, Respondent.

*February 23 — May 1, 1894.*

*School districts: Division: Title to school-houses, etc.: Liability to pay therefor: Cities.*

From a town which formed one school district under the township system certain territory was detached and organized as a city. The city charter vested in the city the title to school-houses and sites

| | |
|---|---|
| 87 | 533 |
| 103 | 406 |
| 87 | 533 |
| 113 | 246 |

School Directors of the Town of Ashland vs. The City of Ashland.

therein which had belonged to the old school district, but did not provide that the city should pay therefor. *Held*, that the city was not liable to pay anything therefor to the old district, either at common law or under sec. 2, ch. 334, Laws of 1885, which provides that a new district formed out of territory detached from an old district shall be liable to the old district "for its just share of the liabilities and indebtedness, and shall receive the just share of the credits," from the old district.

APPEAL from the Circuit Court for *Ashland* County. By ch. 127, Laws of 1887, a part of the territory of the town of Ashland, in Ashland county, was detached from the town and organized as the city of *Ashland*. Until that time the town of Ashland had formed one school district, under the township system of school government, designated as the "*Board of School Directors of the Town of Ashland.*" At the time of the organization of the city of *Ashland* the plaintiff owned school-houses and school-house sites within the city limits of the value of $24,500. By the terms of the city charter the title to this property was vested in the city. Nothing has been paid by the city to the plaintiff on account of such school property. The plaintiff seeks in this action to recover its proportion of the value of such property.

The action is based upon sec. 2, ch. 334, Laws of 1885. This statute, so far as it is applicable to this case, reads as follows: "Sec. 2. When any territory shall be detached from any . . . school district in this state, and . . . any new school district shall be in whole or in part created from such territory so detached, the . . . school district . . . which shall be in whole or in part detached therefrom shall be liable to the . . . school district from which the territory was so detached, for its just share of the *liabilities* and *indebtedness*, and shall receive the just share of the *credits* from . . . the school district from which the same shall have been detached." No provision

of the charter of the city of *Ashland* requires the city to pay for school-houses or school-house sites, or for any real estate 1ᵧing within the city limits, to any one.

The appeal is from an order sustaining a general demurrer to the complaint.

For the appellant there was a brief by *Lamoreux, Gleason, Shea & Wright,* and oral argument by *E. F. Gleason.*

*J. Q. Copeman,* for the respondent.

The following opinion was filed March 16, 1894:

NEWMAN, J. As will be readily seen, there is no provision of sec. 2, ch. 334, Laws of 1885, which requires the new school district which is organized from territory detached from an old school district to pay to the old school district anything on account of school-houses or school-house sites or any real estate whatever belonging to the old school district which shall be situated in the new district. It is the new district which is to receive from the old one, not the old district from the new one. The new district is liable to the old district " for its just share of the liabilities and indebtedness," and it is the new district which is to receive its " just share of credits " from the old district, for so the legislature has declared it.

*School Directors of Pelican v. School Directors of Rock Falls,* 81 Wis. 428, and *School Directors of Eagle River v. School Dist. No. 1,* 81 Wis. 543, were both actions in the interest of new districts, or of the territory detached from the old district, against the old districts, and so were within the words of the statute; while the statute has no word applicable to the present case. It seems to be a *casus omissus.* It is left to the disposal of the common law, and the common law, like the statute, is silent. It leaves the property where it is found, and raises no liability to pay. See cases cited by Mr. Justice PINNEY in *School Directors of*

*Pelican v. School Directors of Rock Falls*, 81 Wis., on page 438.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings according to law.

Upon a motion for a rehearing, counsel for the appellant contended that the charter of the city (Laws of 1887, ch. 127, subch. 16, sec. 16) vested in it only the title to lands owned and held by the *town* of Ashland, and not the title to lands owned by the plaintiff. The school board is a body corporate, separate, distinct from, and independent of, the town; and has title to all the school property. R. S. sec. 519 *et seq.; Miller v. Jacobs*, 70 Wis. 122. If ch. 334, Laws of 1885, gives no right of compensation to the old district for property owned by it situated within the new, then neither does it make any change in the common-law rule of ownership; and the title to the school property, so far as the old district is·concerned, remains as though said act had never been passed. If the city charter attempted to divest the plaintiff of its property without its assent and without compensation, it would be unconstitutional. *Milwaukee v. Milwaukee*, 12 Wis. 93.

The motion was denied May 1, 1894.