THE STATE EX REL. McCANN, Respondent, vs. ENOS, Appellant.

*September 13 — September 28, 1897.*

*Boards of education in cities: Statutory construction.*

The purpose of sec. 113, ch. 326, Laws of 1889, as amended by sec. 34, ch. 312, Laws of 1893, in respect to boards of education in cities adopting that act, was to secure uniformity in city government, and, in view of that fact, it is to be construed as providing that when an existing city adopts the act its school system shall remain the same as before, if it have a school board elected by the people or is operating under the district system, until changed by vote of the people, but that in all other cases (including that of a village which organizes under the act as a city) the board of education shall be appointed by the mayor and confirmed by the council.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

Prior to January, 1896, Waukesha was a village with a special charter, and divided into two school districts, in which the district system of schools was enforced. In January, 1896, the village was duly incorporated as a city of the fourth class, under ch. 326, Laws of 1889, and the amendments thereto. The defendant was elected mayor of said new city, and declined to appoint a board of education, whereupon this action was brought to compel him to appoint such board. Sec. 113, ch. 326, aforesaid, as amended by sec. 34, ch. 312, Laws of 1893, is as follows: "In every city which shall adopt this act for its government, if there shall be at the time of such adoption a board of education or school board, elected by the people under the provisions of its charter, or where the school-district system is in force, the election and organization, powers and duties of such board shall not be affected by this chapter, but such system shall continue as the law of such place, until changed by a vote of

The State ex rel. McCann vs. Enos.

the electors of the city.  In all other cities governed by this act, the board of education shall consist of one commissioner from each ward and three from the city at large, to be appointed by the mayor and confirmed by the common council."  The circuit court held that it was the duty of the mayor to appoint the board of education, and entered judgment directing him to make such appointments.  From this judgment the mayor appeals.

The cause was submitted for the appellant on the brief of *Ryan & Merton,* and for the respondent on that of *F. Cleary.*

Winslow, J.  The question is simply one of construction of a statute, and there is little that can be profitably said by way of argument.  The provision is not as plain in its meaning as might be wished, yet the difficulty in construction does not seem great.  The purpose of the act from beginning to end was to secure uniformity in city government. This is an important, and almost a controlling, consideration.  With this consideration in mind, it seems quite clear to us that the statute means that, when *an existing city* adopts the act, its school system shall remain as before, if it have a school board elected by the people or be operating under the district system, until changed by vote of the people, but that in all other cases (this includes a village which organizes as a city) the board of education shall consist of one commissioner from each ward, and three from the city at large, to be appointed by the mayor and confirmed by the council.

The village of Waukesha falls within the latter class, and hence it is the mayor's duty to appoint a board of education, and the judgment of the circuit court was correct.

*By the Court.*— Judgment affirmed.