The State ex rel. City of South Milwaukee, Respondent,
vs. Fowle and others, Appellants.

*May 18 — June 2, 1899.*

Mandamus: *Cities: Schools: School districts: Statutes: Devolution of
right.*

Upon the creation of a city out of a formerly existing village, pur-
suant to the provisions of ch. 40a Stats. 1898, the government and
administration of all schools within the territorial limits of the
city, including high schools theretofore existing therein, devolves
on the board of education, provided for by secs. 925—113 to 925—116,
Stats. 1898, when elected, and thereupon the powers and functions
of the former governing boards cease, and the board of education
is entitled to the possession and control of the school houses, rec-
ords, books, property, school library, etc., remaining in the hands
of the former governing boards, and on demand therefor and re-
fusal to deliver the same such right can be enforced by *mandamus.*

Appeal from a judgment of the superior court of Milwau-
kee county: Geo. E. Sutherland, Judge. *Affirmed.*

By sec. 98, ch. 287, Laws of 1897, the existing village of
South Milwaukee, containing more than 1,500 inhabitants,
was erected into a city of the fourth class, controlled by

The State ex rel. City of South Milwaukee vs. Fowle and others.

the general charter law (ch. 326, Laws of 1889, as amended [now ch. 40*a*, Stats. 1898]), and patent issued July 6, 1897, and on September 4th a board of education was duly elected. Within the limits of the village was school district No. 1, and also free high-school district No. 1, coterminous in extent and governed by a school-district board consisting of the appellants. After the election of the board of education, the chairman thereof was duly authorized to take all legal proceedings to secure control of the school property of both school district No. 1 and free high-school district No. 1. Possession of the school house was obtained, but the records, books, property, school library, etc., still remained in the hands of the appellants, who claimed to hold the same as the governing board of a free high-school district, not terminated by the creation of the city, which they allege was never under the control or jurisdiction of the village board of the late village of South Milwaukee. The appellants allege that the property in controversy is property of said high-school district, and necessary for its conduct and management. They also allege that taxes had been levied and assessed according to old district lines, which separated free high-school district No. 1 from other parts of the city. Upon demurrer to a return, judgment was entered for an imperative writ of *mandamus* for the delivery of the property, from which this appeal is brought.

*Jared Thompson, Jr.*, for the appellants.

For the respondent there was a brief by *J. G. Davies*, city attorney, and *John T. Kelly*, of counsel, and oral argument by *Mr. Kelly*.

DODGE, J. The single question presented in this case is whether, upon a statutory creation of a city of the fourth class out of a formerly existing village, the government and administration of a high school therein devolves upon the board of education provided for by the general city charter

(secs. 925—113 to 925—116, Stats. 1898). In *State ex-rel. Mc-Cann v. Enos*, 97 Wis. 164, it is decided that, where a village becomes a city under the provisions of the general charter, its schools are to be governed by a board of education; that such city erected out of a village is not one of those which, by virtue of sec. 925—113, retains the old school organization and government until changed by vote of the people, but is in the class of " all other cities governed by this chapter " where a board of education shall exist, and shall have the powers specified in sec. 925—116.

It is urged, however, that the powers of a board of education supersede only the district school boards, and not the pre-existing free high-school government. We think this contention is answered by the same considerations which controlled the decision of the above-cited case, wherein it is said: " The purpose of the act, from beginning to end, was to secure uniformity in city government. 'This is an important, and almost a controlling, consideration." Viewing from this standpoint the language of sec. 925—116, which confers upon the board of education power " to establish and organize such high schools, and so many district schools and branches of the same," etc., " as they shall deem expedient, and to establish and change from time to time such and so many school districts as shall include all the territory of the city and afford to the people of the city such district school facilities as the circumstances of the city and its various parts may from time to time require: provided that in cities adopting this chapter or being newly organized under it the school districts already established shall remain until otherwise ordered by the board." We have no doubt that the intention of the legislature was to impose upon such city boards of education all power, authority, and duty over high schools as well as others, and that, when the city of *South Milwaukee* became organized, and its board of education was elected, all power and functions of the old free

high-school board ceased and terminated, and that school, together with everything pertaining thereto, properly passed into the control of the board of education.

Nor do we accede to the other contention of the appellants, that the last clause above quoted continues not only the territory of the pre-existing school districts, but also their government, until an express order of the board changes the same. . We think it clear that that provision is entirely territorial. The government of the schools immediately passes to the board of education, and, as a part of that government, passes also the power to establish and change districts, the boundaries of those already existing being continued until that power of the board is exercised. It was therefore the duty of the formerly existing officers of the high-school district, upon proper demand, to turn over to the newly created board of education the property described in the imperative writ of *mandamus.*

*By the Court.*— Judgment affirmed.