THE STATE EX REL. JOINT SCHOOL DISTRICT No. 2 OF THE TOWN
OF OAK CREEK AND CITY OF SOUTH MILWAUKEE, Respond-
ent, vs. SWEENEY, City Clerk, Appellant.

*May 18 — June 2, 1899.*

*Joint school districts: Severance of territory by creation of city: General
charter: Amendment and repeal of statutes.*

1. On the creation of a city, by virtue of sec. 98, ch. 287, Laws of 1897,
   out of a pre-existing village, the territory of that village, formerly
   joined with part of the territory of an adjoining town as a joint
   school district, becomes severed from such joint school district, and
   falls under the dominion of the school board of the city, so that it
   becomes the duty of the city to provide the school facilities therefor.
2. Although the legislature, by sec. 422, R. S. 1878, has delegated to the
   common council of a city or trustees of a village and town boards,
   in joint meeting, power to alter or extinguish a joint school district
   within their territorial limits, the legislature may exercise the
   power so delegated itself, and the general city charter enacted in
   1889 is an exercise of such power by the legislature.

APPEAL from a judgment of the superior court of Milwau-
kee county: GEO. E. SUTHERLAND, Judge. *Reversed.*

At the time of the organization of the city of South Mil-
waukee there existed joint school district No. 2, composed
of territory from the town of Oak Creek and territory from
the former village of South Milwaukee, the school building
and other property and the residences of the members of the
board being in the town. Upon the creation of the city and
election of the board of education, as stated in *State ex rel.
South Milwaukee v. Fowle, ante,* p. 388, that board adopted
a resolution "that provisions be made forthwith for proper
school facilities for all children of school age residing within
the city limits, including such children residing within that
part of school district No. 2 located within our city, and that
all territory within the city be, and the same is hereby, des-
ignated and known as School District No. 1." The joint
district board voted to raise a tax of $300 for school pur-

poses. The city assessor refused to join in an ascertainment of respective taxation values, and the city clerk, appellant, refused, upon demand, to certify to the joint district clerk the assessed valuation of the city property within the limits of the old joint district. This action was to compel him to do so by *mandamus*, to the end that the proper amount of school taxes might be certified to him, and extended upon the tax roll. The superior court rendered judgment for such *mandamus*, from which the city clerk appeals.

For the appellant there was a brief by *J. G. Davies*, city attorney, and *John T. Kelly*, of counsel, and oral argument by *Mr. Kelly.*

*Jared Thompson, Jr.*, for the respondent.

DODGE, J. The question presented is whether, by the creation of the city of South Milwaukee out of a pre-existing village, by virtue of sec. 98, ch. 287, Laws 1897, the territory of that village, formerly joined with part of the territory of the town of Oak Creek as a joint school district, became severed therefrom for school purposes, and fell under the domination of the school board of said city, so that it was the duty of said city to provide the school facilities therefor. Sec. 925—116, Stats. 1898, made it the duty of the board of education " to establish and organize such high school and so many district schools and branches of the same . . . as they shall deem expedient; and to establish and change from time to time such and so many school districts as shall include all the territory of the city, and to afford to the people of the city such district school facilities as the circumstances of the city and its various parts may from time to time require: provided, that in cities adopting this chapter or being newly organized under it the school districts already established shall remain until otherwise ordered by the board." These words, according to their obvious effect, would place all of the territory of the city under

the dominion of the board of education, and they must be given full and due effect unless some countervailing consideration is presented. The relator advances to that end sec. 422, R. S. 1878, which provides that a joint school district may be altered or extinguished by the common council of a city or trustees of a village and the town boards in joint meeting, and contains the provision also, "but no new joint district shall be formed which shall embrace any part of a city." It is contended that no power less than the joint meeting of the city council and the town board could separate and extinguish this joint district. This contention is met, however, by the fact that the legislature has it within its power to override that section. The power it thereby delegated to the municipal governments it might exercise itself. There is no vested inviolable right in school-district boundaries or government, whatever there may be in its property. *Mount Pleasant v. Beckwith*, 100 U. S. 514, 525; *School Directors of Ashland v. Ashland*, 87 Wis. 533.

The question is, therefore, Has the legislature undertaken, by the general city charter enacted in 1889, to sever from pre-existing joint districts such portions as shall be included within the cities organized under that act? We are persuaded that the clear policy of the legislation is to that end. It had already been decreed by the legislature as early as 1878, by sec. 422, that thereafter the joining of part of a city with part of a town as a school district should not occur. That enactment undoubtedly evinces a legislative policy in recognition of the very obvious inconveniences resulting from such joining. Again, the general city charter (sec. 925—116) extends the power of the city, through its board of education, over *all the territory* of the city, and requires it to afford school facilities throughout the city. This latter requirement would be incapable of literal enforcement if an exception such as here claimed must be made. Again, the existence of occasional instances such as this

would serve to defeat that purpose of uniformity in the government of new cities which is pointed out as so controlling in *State ex rel. McCann v. Enos*, 97 Wis. 164. We have no doubt, therefore, that the legislative purpose in enacting what is now ch. 40*a*, Stats. 1898, was to sever from any pre-existing joint districts such portion of their territory as might be included within a newly organized city, and was effective to so sever the portion of joint district No. 2, here in dispute, and *ex proprio vigore* to terminate all jurisdiction over it of the old joint-district government, including the power of taxation; so that appellant owed no duty to perform any of the acts requisite to enforcing a tax for the old school district upon said territory.

*By the Court.*— Judgment of the superior court of Milwaukee county reversed, and cause remanded with direction to enter judgment denying writ of *mandamus*.

