STATE EX REL. SCHOOL DISTRICT No. 1 OF THE TOWN OF MILWAUKEE and others, Appellants, vs. SCHRINER and others, Respondents.

*October 30—November 19, 1912.*

*School districts: Annexation of part of district to city: Formation of joint districts: "Division" of town: Title to district property: Apportionment: Mandamus to obtain control: Parties.*

1. Sec. 422, Stats. (Supp. 1906: Laws of 1901, ch. 304), declaring that "no new joint district embracing a part of any city shall be hereafter formed," prohibits the formation of a joint school district embracing part of any city, either by direct action or by operation of law.
2. Thus, the annexation by a city of a part of the territory of a school district in an adjacent town did not result in the formation of a joint school district, but that portion of the district which remained in the town constituted a separate school district and the portion annexed to the city became an integral part of the school system of the city.
3. The annexation of a portion of the town to the city was not a "division" of the town within the meaning of sec. 415, Stats. (1898), which provides that districts become joint, without other action, upon the division of a town. That provision applies only where a town is divided and each division thereof remains under a town government.
4. In the case stated, until a proper apportionment was made according to law the legal title to the school property, other than

real property situated in the part annexed to the city, remained unaffected, and the proper officers of the district (elected to take the place of the old officers, all of whom became residents of the city and therefore disqualified) were entitled to the custody and control thereof.

5. Sec. 944, Stats. (1898), applies to a case where territory of one municipality is annexed to another, and contemplates a division of property and adjustment of credits and liabilities in such case as well as in a case where one municipal entity is divided into two distinct municipal entities.

6. The provision of that section (added by the revision of 1898) to the effect that the territory detached from any municipality shall be liable to the remaining portion "for the excess of such share of the municipal property as is situated within it," operates to vest the title to such property in the detached portion, subject to the duty to pay the remaining portion its just share of the value thereof.

7. In *mandamus* by the newly elected officers of a school district, after the annexation of part of its territory to a city, to obtain control of the property of the district in the hands of the old officers who resided in such annexed territory, an adjudication as to whether or not a joint district was created by such annexation was necessary to a disposition of the case, and the city, being interested in that question, was a proper party defendant.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge.    *Reversed.*

*Mandamus.*    The following facts appear from the petition: In September, 1910, the city of *Milwaukee* annexed a part of the territory of *School District No. 1 of the Town of Milwaukee.*    The school house of the district is situated on the parcel so annexed.    Prior to the time of the annexation the defendants *Harry Stock, Nick Schriner,* and *Robert Milbrath* were resident electors in, and the duly elected, qualified, and acting officers of, said school district.    All of said officers now reside in the territory annexed to the city of *Milwaukee.* Since the annexation aforesaid the relators were duly elected, qualified, and have acted as the officers of that portion of the school district remaining in the town of Milwaukee.    They bring this action to recover possession of all moneys, amounting to $1,375.24, papers, deeds, records, books, and other

property belonging to said district now in the hands of the defendants, and pray that the relators be given the care, keeping, and control of the school house located in the annexed territory, and further that they have a judgment or order that the annexation of part of said school district to the city of *Milwaukee* did not constitute such annexed portion a joint school district with the remaining territory. The petition also asks that the defendants be commanded to refrain from claiming a division of the property and money of said *School District No. 1,* and for such other judgment or order in the premises as may be proper. It appears that the defendants refused to turn over to the relators the property in question, and the care, custody, and control of the school house, on the ground that by virtue of the annexation of a part of the district to the city of *Milwaukee* such part forms and constitutes a joint school district with the remaining territory of the district, and that the defendants constitute the legal board of directors of such joint school district, and therefore have a right to the care and keeping of the school house and other property of the joint district. No division of property or adjustment of credits and liabilities has been had as provided for in sec. 944, Stats. (1898).

An alternative writ of *mandamus* was issued. The defendants moved to quash the writ for the reason that neither the petition nor the writ stated facts showing that the relators were entitled to a writ of *mandamus*. From an order quashing the alternative writ and dismissing the action the relators appealed.

For the appellants there was a brief by *Lenicheck, Robinson, Fairchild & Boesel,* and oral argument by *E. T. Fairchild.*

For the respondents there was a brief by *Daniel W. Hoan,* city attorney, and *Mark A. Kline,* assistant city attorney, and oral argument by *Mr. Kline.*

VINJE, J.   It is obvious that if that part of the school dis-
trict of the town of Milwaukee annexed to the city became a
joint school district with the unannexed part, then the re-
lators have no standing in court, for they were elected after
the annexation by a vote of only that part of the district not
annexed to the city; and it is equally obvious that the defend-
ants, except the city of *Milwaukee,* who were the directors
elected before the annexation, would be lawfully entitled to
the possession and control of the school property.   On the
other hand, if no joint school district was formed, the defend-
ants, who are not residents of the school district, but reside in
the city of *Milwaukee,* are not qualified to hold school dis-
trict offices in the town of Milwaukee.   Sec. 431, Stats.
(1898).   The primary question for determination, therefore,
is: Did the annexation result in forming a joint school dis-
trict between the parcel annexed and the portion of the dis-
trict remaining in the town of Milwaukee?   Sec. 422, Stats.
(1898), as amended and now applicable (Supp. 1906: Laws
of 1901, ch. 304), provides how joint school districts may be
altered or extinguished.   The concluding sentence thereof is
as follows: "but no new joint district embracing a part of any
city shall be hereafter formed."   Defendants contend that
this applies only to districts formed by the direct action of two
independent districts, and does not apply to a district formed
by operation of law upon the divisions of towns or the an-
nexation of part of a school district to a city.   The purpose
of sec. 422, as expressed in *State ex rel. Joint School Dist.
No. 2 v. Sweeney,* 103 Wis. 404, 79 N. W. 420, in prohibit-
ing portions of a city from becoming part of a joint school
district with an adjacent town, was to preserve uniformity in
the school government of all the schools lying within the cor-
porate limits of the city and to put them under one school gov-
ernment.   In that case it was held that the change from a
village government to a city government, *ipso facto* extin-

guished the joint school district which had previously existed between the village and an adjoining town. If by force of sec. 422 an existing joint school district is dissolved by reason of a portion thereof being incorporated as a city, it is difficult to perceive how a joint district is formed by the annexation of a portion of a single district to a city. It follows from the decision in the *Sweeney Case* that the statute prohibits the formation of a joint school district embracing a part of any city, either by direct action or by operation of law. The disadvantages of and objections to such a school district are equally great whether the district is created by direct action of school boards or by operation of law. Hence it must be held that no joint school district was created by the annexation. That portion of the district which remained in the town of Milwaukee constituted a separate district. That portion annexed to the city of *Milwaukee* became an integral part of the school system of such city.

Defendants also claim that sec. 415, Stats. (1898), which provides that districts become joint upon the division of a town without other action, applies to the case at bar; their argument being that the town of Milwaukee was divided by the annexation of the parcel in question to the city of *Milwaukee,* and therefore a joint district was created pursuant to such section. This claim is deemed untenable. The annexation of a portion of the town of Milwaukee to the city was not a division of the town within the meaning of that section. That relates only to cases where a town is divided and each division thereof remains under a town government. It has no application to a case where a portion of a town is annexed to, and becomes merged in, a city government.

The further contention is made by the defendants that, even if a joint school district was not formed, the relators cannot maintain an action of *mandamus* because the property of the district had not been apportioned between the parts thereof pursuant to sec. 944, Stats. (1898). Since the de-

tached part of the district became subject to the general school government of the city of *Milwaukee,* the relators are the lawfully elected, qualified, and acting officers of *School District No. 1 of the Town of Milwaukee* and as such are entitled to the custody and control of the school property which belonged to said district, the title to which was not changed by the annexation, until a proper division is made according to law. Except as to the real estate, the legal title to the school property was not affected by the annexation, and the officers of the district are entitled to the control and custody of such property until a division is made as provided for in sec. 944, Stats. (1898).

The claim of the relators that sec. 944 does not apply to the case at bar because the portion annexed to the city did not continue as a separate school district or municipal entity, and that it applies only to cases where each part of the divided political division remains a distinct municipal entity, is not well taken. There is nothing in the statute to warrant such a construction. On the other hand, it clearly by its language applies to a case where territory of one municipality is annexed to another, and it contemplates a division of property and adjustment of credits and liabilities in such a case as well as in a case where one municipal entity is divided into two distinct municipal entities.

The relators claim the title to, and right of possession of, the school house, which is located in the portion of the district annexed to the city of *Milwaukee,* founding their claim upon the cases of *Milwaukee v. Milwaukee,* 12 Wis. 93; *Depere v. Bellevue,* 31 Wis. 120. Those cases were decided before the legislature had made any provision for the adjustment of credits and liabilities for property owned by a divided municipality. The portion of sec. 944, Stats. (1898), first enacted was ch. 128 of the Laws of 1876, providing for the apportionment of the bonded indebtedness of any territory divided after the issuance of the bonds. This act was

amended by sec. 2 of ch. 334 of the Laws of 1885, which provided for the adjustment of credits, liabilities, and indebtedness when territory was divided. This act, however, said nothing in express terms about division of property owned by a divided municipality, and, as pointed out in the case of *Board of School Directors v. Ashland,* 87 Wis. 533, 58 N. W. 377, made no provision whereby the old district was entitled to reimbursement for the value óf property located in the new district or for credits belonging thereto. This defect in the statute was remedied by the revision of 1898, which provides that the detached territory shall be liable to the remaining portion thereof "for the excess of such share of the municipal property as is situated within it." The doctrine announced in the cases cited can have no application to a case where the legislature has made provision as to the division of credits, liabilities, and property owned by the territory divided. The power of the legislature to provide for a fair and equitable disposition or division of public property in the case of the division or annexation of territory is unquestioned. *Milwaukee v. Milwaukee,* 12 Wis. 93 ; *State ex rel. Princeton v. Maik,* 113 Wis. 239, 89 N. .W. 183, and cases cited.

It is evident from the provisions of sec. 944 added by the revisers in 1898, to the effect that the territory detached from any municipality shall be liable to the remaining portion for the excess of such share of the municipal property as is situated within it, that it contemplated the transfer of the title to such property to the detached portion, and required it to pay to the remaining portion its just share of the value thereof. It is unreasonable to suppose that it would require the detached portion to pay to the remaining portion its just share of the value of property situated within the detached portion if it did not intend to vest the title to such property in the detached portion. So it must be held that the title to the school house which is located in the detached portion became by operation of law vested in such detached portion subject to

the duty to pay the remaining portion its just share of the value thereof. The title to the school house in question having become vested in the detached portion by operation of law at the time of annexation, such detached portion is entitled to the possession and control of the school house. The relators, therefore, have neither the title to, nor the right of possession of, the school house, and as to that the writ must fail. The only right they can enforce as to the school house is their right to receive their just share of the value thereof when the property of the district is divided according to law.

The objections of the defendants that the city of *Milwaukee* is not a proper party are not well taken. It is true the petition does not ask that it turn over any of the property in question, but it does ask for an adjudication that no joint school district was formed between the annexed parcel and the remaining portion of the school district, and such adjudication was absolutely necessary to a disposition of the case. The city of *Milwaukee* was interested in, and affected by, the adjudication of such question, and was therefore a proper party defendant.

It follows from this opinion that the relators are entitled to a writ of *mandamus* requiring the defendants *Harry Stock, Nick Schriner,* and *Robert Milbrath* to turn over to the relators the care, keeping, possession, and control of the moneys, papers, deeds, records, books, and other personal property belonging to *School District No. 1* remaining in the hands of said defendants; and adjudging that said defendants refrain from acting as the board of school directors of *School District No. 1 of the Town of Milwaukee;* and that the relators have judgment against said defendants, and the defendant the city of *Milwaukee,* that the annexed parcel does not constitute a joint school district with the remaining territory of *School District No. 1 of the Town of Milwaukee.*

*By the Court.*—Order reversed, and cause remanded for further proceedings in accordance with this opinion.