STATE EX REL. CITY OF LA CROSSE and others, Appellants, v. ROTHWELL, State Superintendent of Public Instruction, Respondent. [Cases Nos. 37, 38.] *

*September 29—October 27, 1964.*

* Motion for rehearing denied, with costs, on December 21, 1964.

230

For the appellants there were briefs and oral argument by *William J. Sauer* of La Crosse.

For the respondent the cause was argued by *Harold H. Persons,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

HALLOWS, J.   Sec. 40.035, Stats., reflects the policy of the state that all territory within the state shall be within school districts operating high schools. Prior to June 30, 1962, territory not included in a district operating a high school could be attached to, created into, or consolidated with a district operating a high school by any of the various pro-

cedures provided by secs. 40.03, 40.06, 40.07, 40.12, and 40.14. On and after July 1, 1962, any territory which was not included in a district operating a high school was required to be attached to, created into, or consolidated with such a district by order of the county school committee not later than July 31, 1962. The order affecting such a result was made retroactive to July 1, 1962, and was subject to appeal to the state superintendent but not to a referendum, sec. 40.035 (3) (a) and (b).

On July 1, 1962, certain territory lying outside the city of La Crosse had not been attached to a district operating a high school. On July 2, 1962, the joint county school committee of La Crosse and Vernon counties called a meeting for July 30th to consider the attachment to the La Crosse city school district of certain territory involved in Case No. 37. After a hearing, an order was made attaching six school districts and part of two others to the La Crosse school district. The appellants, city of La Crosse, which operates under the city school plan provided by secs. 40.80 to 40.827, Stats., Robert Abbott and Harold E. Lee, property owners and electors of said city, and Justin Hall, a property-owner elector and parent of a child of school age in the territory to be attached, appealed the order to the state superintendent of public instruction.

In Case No. 38 the joint county school committee of La Crosse, Vernon, and Monroe counties on July 20, 1962, attached an area to the Westby school district. This order was appealed by a resident of the area attached. On August 21, 1962, the state superintendent of public instruction held an informal hearing on each appeal. He later affirmed the order in Case No. 37 attaching territory to the La Crosse city school district and reversed the order attaching the territory to the Westby school district in Case No. 38 and attached that territory to the city of La Crosse school district. These two orders were then brought for review by certiorari to the circuit court and affirmed.

The state superintendent questions whether the city of La Crosse may raise the constitutionality of sec. 40.035, Stats. It is not contended the individual appellants do not have the capacity to raise such issue. The general rule has been that a municipality or state agency cannot question the constitutionality of a statute and was thoroughly discussed in *Columbia County v. Wisconsin Retirement Fund* (1962), 17 Wis. (2d) 310, 116 N. W. (2d) 142. See also *Marshfield v. Cameron* (1964), 24 Wis. (2d) 56, 127 N. W. (2d) 809. The general rule is subject to two exceptions: (1) If it is the agency's official duty to do so, or the agency will be personally affected if it fails to do so and the statute is held invalid,[1] and (2) if the issue is of "great public concern." [2]

The appellants argue the constitutional question is of great public concern, but in the *Columbia County Case* we pointed out these exceptions apply only to cases between private litigants and a municipality or state agency and not to suits between agencies of the state, or between an agency or municipal corporation and the state. Here, a municipality is suing the state superintendent of public instruction and consequently the city of La Crosse has no capacity to raise the constitutionality of the statute. However, so far as the constitutional question affects the rights of the individual appellants, such question is properly before us.

The appellants argue the determination of school-district boundaries is no longer a political or legislative question beyond constitutional limitations but a justiciable question, relying on *Gomillion v. Lightfoot* (1960), 364 U. S. 339, 81 Sup. Ct. 125, 5 L. Ed. (2d) 110, and *Baker v. Carr* (1962), 369 U. S. 186, 82 Sup. Ct. 691, 7 L. Ed. (2d) 663. To the same effect the appellants might well have cited *State ex rel.*

---

[1] *Associated Hospital Service v. Milwaukee* (1961), 13 Wis. (2d) 447, 109 N. W. (2d) 271.

[2] *Fulton Foundation v. Department of Taxation* (1961), 13 Wis. (2d) 1. 108 N. W. (2d) 312. 109 N. W. (2d) 285.

*Reynolds v. Zimmerman* (1964), 23 Wis. (2d) 606, 128 N. W. (2d) 16, 128 N. W. (2d) 349. But these cases are not applicable unless the appellants can show a constitutional right which has been violated. They state they do not question the wisdom or seek a review of the specific policy question of where a particular· school boundary should lie but rather they attack the general legislative policy of revamping school-district boundaries over the opposition of the majority of the people involved—a result which apparently has happened in this case under sec. 40.035 (3) (a), (b), Stats., which provides an attaching order of the county school committee made between July 1 and July 31, 1962, is not subject to a referendum.

If we understand the appellants' argument on this point it is that parents have a constitutionally protected interest in the education of their children. They rely on *Meyer v. Nebraska* (1923), 262 U. S. 390, 43 Sup. Ct. 625, 67 L. Ed. 1042, 29 A. L. R. 1446; *Farrington v. Tokushige* (9th Cir. 1926), 11 Fed. (2d) 710, affirmed 273 U. S. 284, 47 Sup. Ct. 406, 71 L. Ed. 646; and *Pierce v. Society of Sisters* (1925), 268 U. S. 510, 45 Sup. Ct. 571, 69 L. Ed. 1070, 39 A. L. R. 468. These cases involve the control of the type of education prescribed by the law and did not reach the question of the parents' rights to determine directly or indirectly the location of school districts or their boundaries. We think no constitutional right exists in parents to determine school-district boundaries by direct vote or referendum. The established law in Wisconsin affirmed by a long line of decisions is that the determination of school-district boundaries is a legislative function, which may be delegated. The districting decision, however, may not be made against the educational interests of the students. See *State ex rel. Moreland v. Whitford* (1882), 54 Wis. 150, 11 N. W. 424; *State ex rel. Joint School Dist. v. Sweeney* (1899), 103 Wis. 404, 79 N. W. 420; *State ex rel. Zilisch v. Auer* (1928), 197 Wis. 284, 221 N. W. 860, 223 N. W. 123;

*School Dist. v. Callahan* (1941), 237 Wis. 560, 297 N. W. 407; *Zawerschnik v. Joint County School Comm.* (1955), 271 Wis. 416, 73 N. W. (2d) 566; and *School Board v. State Superintendent* (1963), 20 Wis. (2d) 160, 121 N. W. (2d) 900. True, such legislative process is also subject to constitutional limitations. The power may not be exercised arbitrarily or to discriminate and deny equal protection of the laws, but such claims are not made in this case.

However, contention is made that as to appellant Hall who is not a resident or an elector of the city of La Crosse that sec. 40.035, Stats., is unconstitutional in denying him equal protection of the laws because he has no voice by ballot over school affairs. Hall lives in the annexed area but has no vote in electing members of the school board. Members of the school board of the city of La Crosse are elected by the common council pursuant to sec. 40.803 (1) (b) 2. Provision is made by sub. (1) (a) for the council to appoint at least one member of the board from the attached area which lies outside the city. Assuming appellant Hall has a constitutional right to vote for members of the school board of the school district in which he lives this argument should be addressed to sec. 40.803, not sec. 40.035. The validity of sec. 40.035 dealing as it does only with duties of school board members after election or appointment does not depend upon the validity of sec. 40.803. We find no merit in this argument as applied to sec. 40.035.

It is contended sub. (6) of sec. 40.035, Stats., exempts Milwaukee county from provisions of the section and therefore the section violates the constitutional requirement of equal protection of the laws and the section also violates the requirement of the uniformity of county governments in sec. 23, art. IV, of the Wisconsin constitution. Under sub. (6) of sec. 40.035, which exempts a county containing a city having a population of half million or more, a city under certain circumstances may annex for all city purposes that portion of a territory which was not operating a high school

and which was annexed to the city school system by order of the county school committee. The legislative history of sec. 40.035 makes it clear the language referring to "section" in the exclusion sentence refers only to sub. (6) and not to the entire section. But even if this exclusion were considered an invalid classification, which we do not, the appellants have no standing to raise the issue since they are in no way affected by it and it cannot be applied to their disadvantage. The exclusion is a discrimination against Milwaukee county and only that county can complain. *Pedrick v. First Nat. Bank* (1954), 267 Wis. 436, 66 N. W. (2d) 154.

As a result of the exclusion, cities in Milwaukee county cannot change their boundaries by the special annexation procedure of sec. 40.035 (6), Stats., while cities in other counties can. The appellants contend this result violates the requirement of uniformity of county government. This contention was made in an analogous situation in *Zweifel v. Milwaukee* (1925), 185 Wis. 625, 201 N. W. 385, wherein it was pointed out the annexation of territory to a city was no part of the system of town or county government. The power of the city to change its boundary line by ordinance under some circumstances as provided in sec. 40.035 (6) refers to cities and does not concern itself with the form of county government within the meaning of sec. 23, art. IV, of the constitution.

The final issue raised by the appellants is whether the procedure followed by the state superintendent in making his orders violated due process. On appeal of the orders of joint county school committees the state superintendent held an informal hearing or conference but based his decision not only upon the evidence and information produced at such hearings but also upon facts, data, and information within his own knowledge and experience and within the knowledge of his staff and communicated to him. The appellants contend the superintendent cannot so act and in determining

school boundaries the school superintendent is either acting in a quasi-judicial capacity or in a legislative capacity. If the former, the doctrine of fair play and due process applies and he cannot consider evidence outside the record made at the hearing and if the superintendent is acting in a legislative capacity, which does not require a court-type hearing, such function is an improper delegation of legislative power.

We do not consider either horn of the proposed dilemma valid. The determination of school boundaries is not a judicial or quasi-judicial function but a legislative function which can be delegated by the legislature. Appeals to the state superintendent provided under sub. 3 (b) of sec. 40.035, Stats., are governed by the procedure applicable to appeals taken under sec. 40.06 (3). The reasoning of *Ford v. Rothwell* (1964), 23 Wis. (2d) 80, 126 N. W. (2d) 489, is not restricted to appeals from the superintendent to the circuit court. There is no requirement by statute relating to school-district reorganizations or to the duties of the state superintendent of public instruction which requires on appeal that he shall hold a formal or trial-type hearing as a necessary part of his consideration. The appeal to the superintendent, which in nature is a *de novo* determination, was conducted according to the procedures of 5 Wis. Adm. Code, sec. PI 2.05, which do not require a formal or court-type hearing. The legislative process does not require a court-type hearing which has for its purpose the determination of facts and the rights dependent upon them. The purpose of a hearing in the legislative function is informative but not determinative of the result.

In some prior cases this court has said the function of the state superintendent of public instruction was not a direct legislative function.[3] This did not mean it was not a legisla-

---

[3] *State ex rel. Horton v. Brechler* (1925), 185 Wis. 599, 202 N. W. 144; *State ex rel. Zilisch v. Auer, supra; School Dist. v. Callahan, supra; Zawerschnik v. Joint County School Comm., supra.*

tive function but meant one which could be delegated to an agent for performance by the legislature. It is true as far back as 1860 in *Joint School Dist. v. Wolfe,* 12 Wis. 765 (*685), this court applied the term "quasi-judicial" to the superintendent's power, but through the years while this court continued to use the phrase "quasi-judicial" [4] in spite of the growth of administrative agencies, it held that no formal or court-type hearing was required of the state superintendent in his determination of school boundaries. *School Dist. v. Callahan, supra; School Board v. State Superintendent, supra.*

Appellants contend that since it used certiorari to secure a review by the circuit court of the orders that the doctrine of *State ex rel. Ball v. McPhee* (1959), 6 Wis. (2d) 190, 94 N. W. (2d) 711, applies and the state superintendent was required by common-law concepts of due process and fair play to hold a court-type hearing and to base his decision upon the record made at that hearing. The appellants misread the *Ball Case.* True, when an administrative agency acts in a quasi-judicial capacity it must base its decision on findings upon evidence or information obtained at a formal or court-type hearing upon valid notice. *State ex rel. Cities Service Oil Co. v. Board of Appeals* (1963), 21 Wis. (2d) 516, 124 N. W. (2d) 809. However, an administrative agency may act in a legislative capacity and when so acting it is not required by due process to hold a formal type of hearing and restrict its decision to facts appearing in the record unless required by statute. Whether the review is taken by certiorari or by petition under ch. 227, Stats., does not change these rules.

---

[4] *State ex rel. Moreland v. Whitford, supra; State ex rel. Horton v. Brechler, supra; School Dist. v. Callahan, supra; and Zawerschnik v. Joint County School Comm., supra.*

Nor does it follow that because a review is taken by certiorari the proceedings before the state superintendent constituted a contested case within the meaning of sec. 227.13, Stats. A contested case is defined as "a proceeding before an agency in which, after hearing required by law, the legal rights, duties or privileges of any party to such proceeding are determined or directly affected . . ." Sec. 227.01 (2). Recently in two cases [5] we pointed out the fair-play provisions of ch. 227, relating to notice of public hearing, right of cross-examination and the limitation that the decision must be based on matters placed in the record, are not applicable to decisions made in the exercise of the legislative function but are limited in their application to contested cases. We agree with the trial court that in determining school-district boundaries on appeal under sec. 40.035 the state superintendent does not violate due process in arriving at his decision by relying on facts and information not produced at a hearing or without providing for a court-type hearing.

*By the Court.*—Judgments affirmed.

The following opinion was filed December 21, 1964:

PER CURIAM (*on motion for rehearing*). Appellants' brief in support of their motion for rehearing points out that it was not their original contention that sec. 40.035, Stats., denies due process to the city of La Crosse but rather that it denies due process to its citizens. Thus the city raised this constitutional issue in its representative capacity. This distinction was recognized in *Associated Hospital Service v. Milwaukee* (1961), 13 Wis. (2d) 447, 468, 469,

[5] *Ashwaubenon v. State Highway Comm.* (1962), 17 Wis. (2d) 120, 115 N. W. (2d) 498; *Ashwaubenon v. Public Service Comm.* (1963), 22 Wis. (2d) 38, 125 N. W. (2d) 647, 126 N. W. (2d) 567.

109 N. W. (2d) 271, which held that a city when acting in such a representative capacity may raise the question of the unconstitutionality of a state statute when the issue presented is one of great public concern or interest.

However, the reason for such an exception disappears when electors and taxpayers of the city are parties to the action. Under such circumstances there is no necessity for the city acting in a representative capacity. Here two electors and taxpayers of the city of La Crosse are parties to the action and have raised the identical constitutional issue raised by the city.

The motion for rehearing is denied with costs.