DIECKMANN and another, Respondents, vs. SHEBOYGAN COUNTY, imp., Appellant.

*February 5 — March 5, 1895.*

*Municipal corporations: Special assessments for street improvements: Validity.*

The charter of Sheboygan (Laws of 1887, ch. 124) provides for initiating proceedings for paving streets and levying special assessments upon adjoining property to pay therefor, either by verified petition of the resident owners of a majority of feet of the frontage, or by resolution of the common council, passed at a meeting subsequent to its introduction by a three-fourths vote taken by ayes and noes. *Held*, that an assessment made without compliance with either of these requirements was void.

APPEAL from a judgment of the circuit court for Sheboygan county: N. S. GILSON, Circuit Judge. *Affirmed.*

Action in equity against the county and the county clerk to set aside certain special assessments for street paving in front of plaintiffs' real estate, and to enjoin the issuance of tax deeds therefor. The complaint alleges numerous irregularities and omissions in the assessment proceedings, which are substantially denied by the answer. After the trial the court found, among other things, that the paving in front of the plaintiffs' premises was done without notice, that the order for the same was made without a vote of ayes and noes and without a petition for the same, and that there was no assessment of benefits or damages before or during the work. The assessment was adjudged void, and the issuance of a tax deed thereon was perpetually enjoined, and the defendant county appealed.

*Simon Gillen*, for the appellant.

*Francis Williams*, for the respondents.

WINSLOW, J. The paving assessment in question was clearly illegal, and it was properly set aside. The charter .

of the city of Sheboygan (ch. 124, Laws of 1887) provides that proceedings for paving streets and levying special assessments upon adjoining property to pay therefor may be initiated in one of two ways,— either by a petition to the common council, signed and verified by the resident owners of a majority of feet of the frontage upon the proposed improvement; or, in the absence of such a petition, by a resolution of the council declaring why it is necessary to proceed without petition, passed at a meeting subsequent to the meeting at which it is first introduced, by a three-fourths vote taken by ayes and noes and duly entered in the journal. In the case before us there was no petition such as the charter requires, nor was there any resolution ordering the work passed in the manner laid down by the charter. In the absence of both of these fundamental requirements it is very plain that there could be no valid assessment. *State ex rel. Moore v. Ashland,* 88 Wis. 599, and cases there cited.

There were other fatal defects in the proceedings proven by the evidence and found by the court, but it is unnecessary to discuss them.

*By the Court.*— Judgment affirmed.

*Simon Gillen,* for the appellant.

