BORGMAN, Respondent, vs. CITY OF ANTIGO and another, Appellants.

*December 15, 1903—January 12, 1904.*

*Municipal corporations: Special assessments: Sprinkling streets General city charter: Adoption.*

1. The city of Antigo had no power under its special charter to sprinkle streets at the cost of lots fronting thereon. Before it attempted to take proceedings resulting in a special assessment against plaintiffs' lot, it adopted from the general city charter, subd. 40, sec. 925—52, Stats. 1898 (authorizing the city "to provide for sprinkling its streets at the expense of the city or of the lots or parts of lots fronting thereon"), but did

not adopt secs. 925—175 to 925—197a, Stats. 1898, or any part
thereof, regulating the procedure necessary to authorize such
sprinkling, and for the payment of the expenses thereof. *Held*,
that thereby the city failed to adopt the whole legislative
scheme providing for sprinkling of streets and charging the
cost thereof to the property benefited, and that such failure
was fatal, rendering the attempted adoption of subd. 40, sec.
925—52, invalid, and the special assessment on plaintiffs lot
void.

2. In such case, the special assessment against plaintiff's lots can-
not be upheld under ch. 40b, Stats. 1898, particularly sec.
926—10 thereof, where the findings of the trial court, sup-
ported by proof, disclose that the petition by which the pro-
ceedings were initiated was not signed by the owners of a
majority of the frontage upon the street which was to be
sprinkled, and that the city wholly omitted to contract with
the persons who did the sprinkling.

APPEAL from a judgment of the circuit court for Langlade
county: JOHN GOODLAND, Circuit Judge. *Affirmed*.

This is an action to declare illegal and void certain assess-
ments of a sprinkling tax and to restrain its collection. Re-
spondent resides in and owns a lot fronting on Fifth avenue
in the city of *Antigo*. The proceedings of the common coun-
cil of the city relied upon to fix the assessments were as fol-
lows: On April 19, 1901, the council by notice directed that
the committee on streets and bridges look up the matter of
sprinkling of streets. April 24th the committee reported that
the sprinkling of Fifth avenue for the 1901 season by
Aug. Brehmer would cost $500. The committee report was
adopted by motion. At the same meeting a resolution was
adopted instructing the committee on streets and bridges "to
enter into an agreement with Aug. Brehmer to sprinkle Fifth
ave., a macadam street, and that the same be commenced to-
morrow, Apr. 25, 1901, for the time being until other ar-
rangements can be made." April 29, 1901, the following
proceedings were had: "Petitions read for sprinkling Fifth
ave., a macadam street. By Alderman Briggs moved and
seconded that the petition be referred back to the committee

and the committee be given further time to get more sig-
natures. Motion carried." May 6th certain petitions were
presented, and by motion all petitions or motions (were) re-
scinded, and it was ordered that the petition be referred back
for legal signatures. The council further decided by motion
"that no petition be considered unless the number of feet be
given and fixed amount of said lots and number of feet to
be sprinkled." May 9, 1901, it took action by motion "that
Aug. Brehmer be hired at the rate of $3.50 per day for
sprinkling streets in the petition as read pending the ten
days for advertising for bids for sprinkler as provided by
law, and that the said Aug. Brehmer be paid thirty-five cents
per hour for sprinkling when a day's work is not done."
Alderman Briggs was added "to the committee on streets and
bridges to get signatures for sprinkling Fifth ave., a ma-
cadam street." May 14, 1901, at a special meeting called to-
act on the petition for the sprinkling of Fifth avenue, a ma-
cadam street, petitions were read and granted upon motion.
A bid was received from A. F. Brehmer offering to sprinkle
that part of Fifth avenue on which the property in this case
abuts for $500. The motion to accept the bid of Aug. Breh-
mer was carried, as was a motion instructing the committee
on streets and bridges "to enter into a contract with Aug.
Brehmer as to how the streets are to be sprinkled, time and
place." Upon motion it decided "that the sprinkling of
streets be paid for monthly *pro rata.*" Brehmer was paid
a total of $500 at different times by order of the common
council out of the general fund for sprinkling that part of
Fifth avenue in question; and on November 4th the council
adopted a resolution directing that the sums be charged to-
lots as specified in a statement made by the city clerk appor-
tioning the costs of sprinkling to the lot owners. The notice
calling for bids was published on May 17th and May 24th,
and provided for sprinkling from June 1 to November 1,
1901; such bids to be received on or before May 29th.

On the evidence submitted the court found that subd. 40, sec. 925—52, Stats. 1898, providing for sprinkling of streets at the cost of the city, or of the lots or parts of lots fronting thereon, had been adopted as an amendment to the charter of the city; that no resolution charging the cost thereof to the owner of the lots fronting on the street in question had been passed by the council; that the petition signed by respondent for the sprinkling of Fifth avenue neither contained the signature of the owners of a majority of the frontage, nor did such petition provide for or specify that the costs of sprinkling be charged to the owners of the lots; that no notice of a hearing in the matter was ever received by the plaintiff, nor was provision made for such a hearing—and held all the proceedings taken by the council based on the petitions illegal and void.

The portions of ch. 40a, Stats. 1898, covering the question before us, are contained in subch. XVIII, relating to "city improvements," and are embraced in secs. 925—175 to 925—197a, inclusive.

Upon the trial the court awarded judgment in respondent's favor, declaring the proceedings void, and restraining the city from any attempted enforcement of the tax. This is an appeal from that judgment.

For the appellants there was a brief by *Henry Hay*, attorney, and *Max Hoffman*, of counsel, and oral argument by *Mr. Hay.*

*Geo. W. Latta*, for the respondent.

SIEBECKER, J. The city contends it adopted subd. 40 of sec. 52, subch. VII (subd. 40, sec. 925—52, Stats. 1898), of what is known as the general city charter law, which provides that the city shall have power "to provide for sprinkling its streets at the expense of the city or of the lots or parts of lots fronting thereon." By sec. 175 of subch. XVIII (sec. 925—175, Stats. 1898), it is enacted that the city "may

cause [such] streets and alleys to be swept, sprinkled and ·cleaned," and "the expense of such work or improvement may be paid in whole or in part by the city, or by the property to be benefited thereby, as the council may direct, but in no case shall the amount assessed to any parcel of real estate ·exceed the benefit accruing thereto by such improvement except in case of sidewalk."

The city had no power under its special charter, before the ·attempted amendment, to sprinkle streets at the cost of the lots fronting thereon.   It could not, therefore, exercise this power unless authorized by the adoption of subd. 40, sec. 52, ·subch. VII.   That the attempted adoption of this subdivision by the city of *Antigo* is invalid appears clearly under the law as announced in *Adams v. Beloit,* 105 Wis. 363, 81 N. W. 869, and *State ex rel. Boycott v. Mayor,* 107 Wis. ·654, 84 N. W. 242.   It was therein decided that a city under ·special charter may adopt a part of the general charter law if it is an integral part of the law, complete in itself.   But the part adopted must, however, "be a complete law in all its terms and provisions, when it leaves the legislative branch ·of the government, so that nothing is left over," save that the common council may determine whether it shall, be ·adopted as a part of the law of the city.   (*State ex rel. Boycott v. Mayor, supra.*)   When the city chose to adopt only subd. 40, sec. 52, subch. VII, granting power to sprinkle streets at the cost of the city or of the lots or parts of lots fronting thereon, it wholly failed to adopt the legislative ·scheme for city improvements as set forth in subch. XVIII of this law, providing that cities may cause streets to be ·sprinkled, and charge the costs upon property to the extent it is benefited thereby as a special assessment.

Under the charter as it stood after the attempted amendment it contained no provisions embodying the conditions ·and the procedure prescribed by secs. 175–197*a,* inclusive, ·as necessary conditions to authorize it to make any of the im-

provements therein specified, and for the payment of the expense thereof either by the city or by the property to be benefited thereby. The result is that by the attempted amendment of the charter the city assumed to acquire a power under which it seeks by special assessments to impose the expense of carrying it into effect upon property in a manner wholly at variance with the requirements fixed by legislative action for the exercise of this municipal function. The steps to be taken to accomplish this purpose on the part of the city council, as prescribed in the sections of the general charter law, are deemed important and essential to protect these individual rights and the interests of the property owner. In. *State ex rel. Boycott v. Mayor, supra,* the court, in speaking of these personal rights, said:

"This seems to be the very thing that the legislature intended to guard against—the guards which the property owner was intended to have—and it is the very safeguard which the council have denied him."

These omissions are fatal, and render the attempted adopting of subd. 40, sec. 52, subch. VII, as part of the city charter, invalid.

This result disposes of this branch of the case without inquiry into the question whether the expense of sprinkling streets can be charged by special assessment as a benefit on lots fronting on such streets, and we therefore express no opinion on the subject.

It is urged that the assessment, if not valid under the above conditions, was properly made within the powers conferred upon the city, as one incorporated by special act, under ch. 40b, Stats. 1898, relying particularly upon the provisions of sec. 926—10. This section prescribes that the expense of street sprinkling may be assessed to the owner of the property fronting on such street in proportion to the frontage of each owner, excepting street crossings. The assessment under these provisions was, however, clearly illegal.

Any action under this section requires, as a condition of the validity of the proceeding, that the petition to sprinkle a street be signed by the owners of the majority of the frontage upon the street or part of street which is to be sprinkled. The court found that the petition upon which the council assumed to act was not signed by the owners of a majority of the frontage of the part of the street sprinkled, and, further, that the city wholly omitted to enter into a contract with the persons who did the sprinkling. Upon examination of the evidence we find the court's conclusions as to these facts are supported by the proof. These omissions make the proceeding fundamentally defective and void. *State ex rel. Moore v. Ashland,* 88 Wis. 599, 60 N. W. 1001; *Dieckmann v. Sheboygan Co.* 89 Wis. 570, 62 N. W. 410.

It is unnecessary to consider other defects in the council proceedings, adverted to upon the argument.

*By the Court.*—Judgment affirmed.

For the appellants there was a brief by *Henry Hay,* attorney, and *Max Hoffman,* of counsel, and oral argument by *Mr. Hay.*

