ZWEIFEL, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*October 18, 1924—February 10, 1925.*

*Municipal corporations: City of first class: Annexation of territory: Unincorporated villages: Repeal of special city charters: Constitutionality.*

1. The city of Milwaukee, a city organized under special charter, may proceed under sec. 926—2, Stats., providing for the annexation of territory, without first adopting the provisions of secs. 925—17 to 925—21, inclusive, being a part of the general city charter law. p. 633.
2. Since the charter of Milwaukee was not affected thereby, ch. 242, Laws of 1921, repealing the charters of all cities incorporated under special act except that of the city of Milwaukee, was not invalid as violating sec. 31, art. IV, Const., prohibiting special legislation for incorporating any city or to amend its charter, and sec. 32, requiring the legislature to provide general laws for the transaction of any business prohibited by sec. 31. p. 634.

3. Since the annexation of territory is no part of the system of town or county government, ch. 242, Laws 1921, is not invalid, within the meaning of sec. 23, art. IV, Const., providing that there shall be but one system of town and county government, as permitting the city of Milwaukee to annex territory upon a petition not identical with that necessary to annex territory to other cities of the state. p. 635.
4. The territory annexed to a city need not be limited to a single township, and may include an unincorporated village. p. 635.
ESCHWEILER and JONES, JJ., dissent.

APPEAL from an order of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *W. O. Meilahn,* attorney, and *Gilbert J. Davelaar,* of counsel, all of Milwaukee, and oral argument by *Mr. Davelaar.*

For the respondent there was a brief by *John M. Niven,* city attorney, and *Mark A. Kline,* first assistant city attorney, and oral argument by *Mr. Kline.*

The following opinions were filed December 9, 1924:

OWEN, J. It will be a sufficient statement of facts to say that this is an action in equity brought to test the validity of a certain ordinance adopted by the city council of the city of *Milwaukee* annexing certain territory to said city. The objections urged against the validity of the ordinance will appear as we proceed. The plaintiff is a taxpayer within the territory affected by the ordinance and brings this action in behalf of himself and all other resident electors and taxpayers within the annexed territory, under the authority of *Lutien v. Kewaunee,* 143 Wis. 242, 126 N. W. 662, 127 N. W. 942. The case comes here upon an appeal by the plaintiff from an order overruling a demurrer to the answer.

The principal question in dispute is whether the city of *Milwaukee,* being a city organized under special charter, may proceed under the provisions of sec. 926—2, Stats, providing for the annexation of territory, without first adopting the provisions of secs. 925—17 to 925—21, inclusive, Stats.,

being a part of the general city charter law. The city pro-
ceeded to annex the territory in the manner provided by
secs. 925—18 to 925—21 without adopting said provisions
as a part of its charter. There is no question but that the
proceedings were regular if the city had power to act under
such provisions. That is the first question with which we
are concerned.

Ch. 40*b* of the Revised Statutes of 1898 is a special chap-
ter relating to cities under special charters and consists of
various provisions conferring municipal power upon such
cities in addition to the powers conferred upon them by their
respective special charters. The very first sentence of the
first section of that chapter provides that "All cities incor-
porated by special act shall have the powers, privileges and
franchises and be subject to the duties and liabilities in this
chapter provided for." Sec. 926—1, which is to be found
in said ch. 40*b*, provides that:

"For the exercise of corporate power and other appro-
priate purposes, and for convenience of legislation all cities
incorporated under special charters shall be divided into
classes as follows: Cities containing a population of one
hundred and fifty thousand or over shall constitute the first
class; cities containing a population of forty thousand or
over and under one hundred and fifty thousand, the second
class; cities containing ten thousand or over and under forty
thousand, the third class; cities containing less than ten
thousand, the fourth class. The population as affecting the
class to which any such city shall belong shall be determined
by the last national or state census."

This classification of cities organized under special char-
ter is in strict conformity to the classification of cities or-
ganized under the general charter law.

Sec. 926—2, which immediately follows the section above
quoted, provides that:

"Territory lying adjacent to any city so incorporated
[special charter] may be annexed to such city in the manner

provided by sections 925—17 to 925—21 inclusive; provided, that the petition required by section 925—18 shall be sufficient for the purposes therein mentioned if signed by one half of the resident electors and the owners of one half of the real estate within the limits of the territory proposed to be annexed. Territory may also be detached from any such city in the manner prescribed by section 925—21a."

Sec. 925—17 is a part of the general charter law and provides that:

"Territory lying adjacent to any city organized under the provisions of this chapter or adjacent to any city organized under a special charter which, by ordinance, has declared such city to be of a certain class according to the provisions of section 925—1, and has adopted, in the manner provided by section 925—4, sections 925—17 to 925—21 inclusive, may be annexed to such city in the manner hereinafter set forth."

The manner of annexation is set forth in secs. 925—18 to 925—21, inclusive. As already stated, the manner thus prescribed was followed by the city in this instance. The question is whether before the city could proceed under secs. 925—18 to 925—21, inclusive, it was necessary for it, in accordance with the provisions of sec. 925—17, to declare by ordinance that the city of *Milwaukee* is of a certain class according to the provisions of sec. 925—1, and adopt, in the manner provided by sec. 925—4, secs. 925—17 to 925—21, inclusive, and thus bring it within the express provisions of sec. 925—17.

Much space in the briefs of counsel is devoted to a consideration of the legislation bearing upon this question prior to the revision of 1898. A brief review thereof is not inappropriate and may be somewhat helpful in arriving at a solution of the question.

The general city charter law was enacted as ch. 326 of the Laws of 1889. As enacted it contained practically the same provisions that are now embodied in secs. 925—17 to 925—21 relating to the annexation of territory. The con-

stitutional amendment which prohibited special legislation for incorporating any city or of amending the charter thereof (par. 9, sec. 31, art. IV, Const.) was adopted in November, 1892. After the adoption of that amendment the legislature was prohibited from enacting special laws annexing territory to cities whether organized under general or special charter. Cities organized under general charter could annex territory in the manner therein prescribed. There was no way, however, by which territory might be annexed to cities organized under special charter. The first legislative attention given to this matter appears to have been the enactment of ch. 214 of the Laws of 1893. As so enacted, its provisions were identical with the provisions of sec. 926—2, already quoted herein, with the exception of the last sentence. At that time the present sec. 925—17 simply provided that "Territory lying adjacent to any city organized under the provisions of this act may be annexed to such city in the manner hereinafter set forth." At the time of the enactment of said ch. 214 of the Laws of 1893 the law did not provide that a city organized under special charter might adopt a portion of the general city charter law, although it did provide for the adoption by such cities of the entire law. The provision authorizing cities organized under special charter to adopt individual parts of the general city charter law was first enacted as sec. 72 of ch. 312 of the Laws of 1893, but this was after the enactment of ch. 214 of the Laws of 1893.

It will therefore be seen that ch. 214 of the Laws of 1893 simply authorized cities organized under special charter to annex territory in the manner provided in the general charter law, and this continued to be the law until ch. 214 of the Laws of 1893 was repealed by ch. 245 of the Laws of 1895. That chapter amended what is now sec. 925—18 in certain respects immaterial here and expressly repealed ch. 214 of the Laws of 1893. The city attorney argues that the repeal of said ch. 214 of the Laws of 1893 was evidently a mistake

on the part of the legislature. But whether it was or not, it was effectually repealed nevertheless, and it is bootless for us to inquire whether the action was the result of a mistake. We do not think it was, because at that time cities organized under a special charter were authorized to adopt the provisions of the general charter law relating to the annexation of territory, so that the legislature might well have considered that there was ample statutory provision to enable cities organized under special charter to enlarge their boundaries.

The next legislative action material here was the introduction in the legislature of 1897 of the so-called revision bill, which culminated in the Revised Statutes of 1898. This bill was drafted and prepared by Messrs. Sanborn & Berryman pursuant to the provisions of sec. 2 of ch. 306 of the Laws of 1895, which appointed them "to prepare and report to the legislature of 1897, at the commencement of its first session, bills for the correction of such errors and to harmonize such discrepancies in the statutes as they shall deem advisable, together with such additional sections as they shall deem proper to carry out the general design and spirit of the statutes." This bill was introduced on the 21st day of January, 1897. The bill carried the present sec. 925—17 in the following language: "Territory lying adjacent to any city organized under this chapter may be annexed in the manner hereinafter set forth." This is practically the original language to be found in sec. 17 of ch. 326 of the Laws of 1889, and was in the exact words in which that section then stood in the law of the state at the time the bill was introduced. The bill also contained the present section 926—2, in its present form and as heretofore quoted herein. It will be noted that at the time of the introduction of this revision bill said sec. 925—17 contained no provision relating to cities organized under special charter and that sec. 926—2 specifically authorized such cities to annex territory

in the manner prescribed by secs. 925—17 to 925—21, inclusive.

The bill was referred to a joint committee on revision of statutes.   During that same legislative session there was enacted ch. 138 of the Laws of 1897, by sec. 1 of which sec. 925—17 was amended to read:

"Territory lying adjacent to any city organized under the provisions of this act, or adjacent to any city organized under a special charter, which, by ordinance, has declared such city to be of a certain class, according to the provisions of section 1 of this act, and has adopted, in the manner provided by this act, chapter 4 of this act, may be annexed to such city in the manner hereinafter set forth."

This chapter became a law April 1, 1897.   The revision bill remained in the hands of the joint committee on revision of statutes until the 17th day of August, 1897, when it was reported with amendments.   In its report the committee said: "Your committee have· revised and incorporated by way of amendments, herewith submitted, all the general laws of 1897 except as hereinafter stated."   One of the amendments proposed was that made by ch. 138 of the Laws of 1897 to the present sec. 925—17.   The amendment was adopted and sec. 925—17 as enacted in the revision bill was made to read as amended by ch. 138 of the Laws of 1897. Sec. 926—2 was, however, retained unchanged in the bill. As the bill was drafted and introduced, sec. 926—2 certainly conferred upon all cities organized under special charter the power to annex territory in the manner provided by the general charter law.   If the effect thereof was changed at all it was by virtue of the amendment to sec. 925—17 made by ch. 138 of the Laws of 1897 and embodied in the revision bill, so as to make it contain, as far as possible, the general law of the session of 1897.

Now it must be conceded that it is a little difficult to understand the reason for the amendment to sec. 925—17

made by ch. 138 of the Laws of 1897, because, as we have seen, prior to that law cities organized under special charter had ample power to adopt any provision of the general charter law including that relating to annexation of territory, and thereby acquire power to annex territory in the manner provided in the general charter law. The amendment, therefore, did not change the then existing law in any particular, but simply wrote into sec. 925—17 the law as it was to be found in other parts of the statutes. The amendment neither added to nor subtracted from the then existing law. The provision therein relating "to declaring said city to be of a certain class" was already a part of the statutory law to be found in ch. 320 of the Laws of 1895, which provided that ordinances adopted by cities organized under special charter for the purpose of adopting any of the provisions of the general charter law "may declare such city to be of a certain class, naming it, according to the provisions of section 1 of this act." That provision, however, was utterly without purpose, because the legislature by ch. 238 of the Laws of 1895 had established classes for cities operating under a special charter in strict conformity to the classification of cities made under the general charter law. Now it seems that if the legislature by adopting the amendment to sec. 925—17 for the purpose of embodying in the revised law ch. 138 of the Laws of 1897 had intended any change in the effect of sec. 926—2 it would not have permitted said sec. 926—2 to remain in the bill in the form as originally introduced. Furthermore, if it were intended that before cities could exercise the powers conferred upon them by sec. 926—2 it was necessary for them to adopt the provisions of the general charter law and to declare their class by ordinance, then sec. 926—2 was quite superfluous and might as well have been stricken from the bill. In view of the fact that as introduced sec. 926—2 unequivocally conferred power upon cities organized under special charters to annex territory in the manner prescribed by the general charter law

without adopting any portion thereof, and in view of the further fact that it refers to secs. 925—17 to 925—21 for the manner of annexation; that ch. 138 of the Laws of 1897 was enacted when no such provision as that embodied in sec. 926—2 was in existence, and there could have been no intent on the part of the legislature by the enactment of ch. 138 of the Laws of 1897 to change the effect of any law such as that embodied in sec. 926—2, we conclude that the enactment of sec. 926—2 after the enactment of ch. 138 of the Laws of 1897 must be construed merely as declaring another class of cities which could annex territory in the manner prescribed by the general charter law.

It is important to note that sec. 926—2 was enacted subsequent to ch. 138 of the Laws of 1897, and that, by a familiar rule of construction, the later act is to govern if there be a conflict. We have no right to infer that the revisors were unaware of the fact that ch. 214 of the Laws of 1893 had been repealed. The duty enjoined upon them was not merely to revise existing laws, but, as we have seen, they were to "correct such errors and harmonize such discrepancies in the statutes as they deemed advisable." They might well have considered that it *was* advisable to have a provision in the statute similar to that of ch. 214 of the Laws of 1893, and when the legislature enacted the bill proposed by them their thought became the legislative thought, and the plain effect of sec. 926—2 cannot be changed nor can its express terms be construed as amended by implication by virtue of legislation enacted prior to its enactment. It seems plain that sec. 926—2 should now be given the same effect that would have been accorded to it had the revisors' bill been enacted as it was introduced. To reach a different conclusion would be to say that a later enactment is to be amended by implication by a prior act, which, to say the least, is a novel proposition.

The appellant next contends that the provisions of ch. 242 of the Laws of 1921, now ch. 62 of the Statutes, which re-

peals the charters of all cities incorporated under special act except that of the city of *Milwaukee,* is unconstitutional because it violates secs. 31 and 32, art. IV, Const. Sec. 31 prohibits legislation (9) "for incorporating any city, town or village, or to amend the charter thereof," and sec. 32 requires the legislature to provide general laws for the transaction of any business that may be prohibited by sec. 31. His contention is that the repealing of every special city charter in the state, except that of *Milwaukee,* amounts to special legislation so far as *Milwaukee* is concerned. It would appear that *Milwaukee* by this legislation has been placed in a closed class, and if we were dealing with legislation which affirmatively affected the charter of the city of *Milwaukee* a serious question might be presented. However, ch. 242 of the Laws of 1921 does not in any manner affect the charter of the city of *Milwaukee.* That remained exactly as it was prior to the enactment of ch. 242 of the Laws of 1921. However much ch. 242 of the Laws of 1921 changed the charters of the other cities of the state, it did not affect the charter of the city of *Milwaukee,* and it is quite plain that the legislation does not offend against the provision of the constitution referred to.

The appellant notes the fact that sec. 311 of said ch. 242 repeals the second sentence of sec. 926—2. That sentence, however, does not relate to cities of the first class, so that this circumstance cannot be said to have any effect upon the charter of the city of *Milwaukee.*

It is next contended that ch. 242 of the Laws of 1921 offends against sec. 23, art. IV, of the state constitution, which provides that "The legislature shall establish but one system of town and county government, which shall be as nearly uniform as practicable." It is claimed that this provision of the constitution is violated because property in towns contiguous to the city of *Milwaukee* may be annexed upon a petition not exactly identical with the petition necessary to annex such territory to cities in other parts of

the state.  This contention is answered by saying that the annexation of territory to cities is no part of any "system of town or county government."   So far as it affects towns at all, it affects their boundary lines and not their government.   Town and county boundaries are under the control of the legislature, and there is no provision in the constitution requiring that such boundaries shall be established by general law.   *Chicago & N. W. R. Co. v. Langlade Co.* 56 Wis. 614, 14 N. W. 844, and cases there cited.   This is also a sufficient answer to the further contention made by appellant that territory annexed to a city must be limited to a single township and cannot include an unincorporated village.

We discover no exercise of excessive authority on the part of the city of *Milwaukee,* nor irregularities, in the adoption of the ordinance of annexation, and the demurrer to the defendant's answer was properly overruled.

*By the Court.*—Order affirmed.

ESCHWEILER, J. (*dissenting*).   The city of *Milwaukee,* a special charter city, is now permitted, under the majority opinion, to enjoy a very substantial and special advantage under the provisions of the general charter law and over every other city in the state, the annexation of territory here permitted being based upon area rather than value basis.   And furthermore, such substantial advantage is given without any prior adoption of the provisions of the general charter law by such special charter city.

The annexation of territory to a city, thereby enlarging its boundaries, is an amendment to its charter.   *State ex rel. Shawano v. Engel,* 171 Wis. 299, 305, 177 N. W. 33; *Wauwatosa v. Milwaukee,* 180 Wis. 310, 192 N. W. 982.   In all other instances than the present one it has been held that to take advantage of provisions under the general charter law requires adoption by ordinance of such provisions and that such action results in an amendment to the special char-

ter of such city. *Davey v. Janesville,* 111 Wis. 628, 635, 87 N. W. 813; *Adams v. Beloit,* 105 Wis. 363, 370, 81 N. W. 869. That there must be a substantial compliance with the law in order to be of any avail is held in *State ex rel. Boycott v. La Crosse,* 107 Wis. 654, 84 N. W. 242. La Crosse subsequently took the proper steps to so comply, as is said in *Schintgen v. La Crosse,* 117 Wis. 158, 162, 94 N. W. 84. There must be the adoption of a substantial and complete part, not a fragment only, of such general charter law or it is of no avail. *Borgman v. Antigo,* 120 Wis. 296, 300, 97 N. W. 936; *State ex rel. Mueller v. Thompson,* 149 Wis. 488, 495, 137 N. W. 20; *Sayles v. Hartford,* 161 Wis. 136, 152 N. W. 853; *Smelker v. Campbell,* 165 Wis. 358, 361, 162 N. W. 171. When once adopted it cannot thereafter be repudiated. *Holt L. Co. v. Oconto,* 145 Wis. 500, 507, 130 N. W. 709.

Such have been the consistent and strict holdings of this court heretofore as to all other special charter cities. In all those cases special charter cities have been required to exercise a substantial compliance with that which is referred to as "the manner provided" in sec. 925—17 for adoption of parts of the general charter law, and which requirement is a definite and specific part of sec. 926—2.

The legislative policy that special charter cities, in order to take advantage of the general charter law, must first formally indicate their purpose so to do by ordinance adopting the desired provisions, has been continuous and is in the present general charter law, sec. 62.03. Yet in this instance that prerequisite proceeding, so absolutely essential in all other instances, is entirely ignored and in effect read out of the statute.

This dissent is compelled because I cannot see any legal or logical basis for granting to respondent the unique and exceptional privilege now being accorded to it.

Prior to November, 1892, when sec. 31, art. IV, Const., prohibiting special or private laws for incorporating towns

or villages, or amending the charters thereof, was further amended by prohibiting such special legislation as to the granting of charters, or amendments thereof, of cities, *Milwaukee*, as a special charter city, annexed territory by virtue of special legislation, as is instanced by the annexation of Bay View by ch. 37, P. & L. Laws of 1887.

In 1889, just prior to the above cited amendment, the legislature embarked on the policy of trying to do away with the great confusion that arose by reason of the multitude of special charters for the cities of the state by enacting ch. 326 of that year, a general charter law, but which provided that special charter cities should not be affected thereby unless they adopted the whole of such general charter law.   (Subsequently adoption of parts thereof was permitted.)   Then came the constitutional amendment of 1892, *supra*, very distinctly ending, as a matter of public policy, all future special legislation as to particular city charters or modifications thereof.   Immediately following this came ch. 214, Laws of 1893, providing in substance that *special* charter cities may annex adjacent territory in the manner provided by subch. IV of ch. 326, Laws of 1889, the *general* charter law, and giving to special charter cities a right to annex upon a petition based upon *area* basis as distinguished from the value basis in the requirement by sec. 18 for general charter cities.

By ch. 245, Laws of 1895, the aforesaid sec. 18 was again changed as to general charter cities in manner not material here, and by a separate section said "chapter 214, Laws of 1893, is hereby repealed."

The respondent very earnestly contends, appreciating the need of finding somewhere in existence the grant of such wide power to a special charter city as was found in that ch. 214, so speedily repealed, that such repeal was not intended or was a mistake by the legislature.   As is pointed out in the majority opinion, such position is not tenable, however.   That it was intentionally repealed is further em-

phasized by the fact that in the revision of 1898 sec. 4978 expressly repealed said ch. 214 as well as ch. 245, Laws of 1895.

It is evident that under the constitutional amendment of 1892, after the repeal in 1895 of ch. 214, Laws 1893, there was then no method by which a special charter city could in any manner annex territory. The succeeding legislature, evidently appreciating the then situation, by sec. 1, ch. 138, Laws of 1897, added to such sec. 17, subch. IV, of the general charter law, *supra,* a provision that the annexation power under the general city charter shall be exercised by such special charter city as shall by ordinance declare itself of a certain class and *adopt* in the manner provided in ch. 326, Laws of 1889 (the general charter), the provisions of said subch. IV (general charter) relating to annexation of territory.

The right thus restored to special charter cities to annex territory was, however, thus expressly conditioned upon such city *adopting by ordinance* the appropriate provisions of the general charter law. That such prerequisite was of substance and importance is clearly indicated by the decisions hereinbefore cited.

Evidently the legislature in 1897 by this sec. 1, ch. 138, indicated an intention not to restore to special charter cities the broad gift which was given by ch. 214, Laws of 1893, and taken away by sec. 3, ch. 245, Laws of 1895, *supra.* The power to annex, by ch. 214, Laws of 1893, was an absolute and unlimited gift to be exercised at the will of such special charter cities. The power in 1897 was a limited and conditional gift, not taking effect by the mere passage of that ch. 138, but only after such special charter city had, on its own part, conformed with the conditions precedent of the gift by formal acceptance of such privilege.

The prerequisite of declaring its classification as a city has been since rendered unnecessary by subsequent legislation making a general classification and defendant city one

of the first class.  Such legislative classification, being superior to and controlling over any that the city itself might make, needs no further consideration here.

The second of such conditions, however, the adoption by ordinance of the appropriate provisions of the general charter law, has not been done here, as is so specifically alleged in the answer, though the contrary was alleged in the complaint.

Then came the revision of 1898 by the 1897 legislature, and an examination of the report of the revisors and the special committee of the legislature to whom such report was referred discloses, as to sec. 925—17 involved here, the following situation:

The revisors presented, at page 348 of their printed report, a going back to the original sec. 17, subch. IV, ch. 326, Laws of 1889, so as to have it read: "Section 925—17. Territory lying adjacent to any city organized under this chapter may be annexed *in the manner hereinafter set forth.*" The special committee, however, at page 174 of their printed report recommended that the amendment of limitation made by sec. 1, ch. 138, Laws of 1897, *supra,* should be incorporated so that it should read as it did when finally adopted by the legislature, and for convenience is here inserted as follows:

"*What cities.*  Section 925—17.  Territory lying adjacent to any city organized under the provisions of this chapter or adjacent to *any city* organized under a *special charter* which, by ordinance, has declared such city to be of a certain class according to the provisions of section 925—1, *and has adopted, in the manner provided by section 925—4, sections 925—17 to 925—21,* inclusive, may be annexed to such city in the manner hereinafter set forth."

This change by the committee and as adopted by the legislature was a deliberate expression on their part of the intent to have the annexation power contained in the general charter law applicable to only such special charter cities

as should, by prior ordinance, express their option of adopting such general charter law provision. Such addition by the committee was entirely unnecessary if considered merely as a part of the general charter law scheme itself, that being taken care of by sec. 925—17 as proposed by the revisors. It clearly showed the definite legislative purpose of having the annexation power of general charter cities extended to a limited class of special charter cities only, viz. those who adopted the annexation provisions. This view is strengthened when consideration is given to the note at the head of ch. 40*b*, R. S. 1898 (the special charter law), viz.:

"On recommendation of the committee on revision, all provisions 'pertaining exclusively to cities of the first and second classes,' *except so much of ch. 40a as relates to such cities,* were stricken out of the revisors' bill, and all laws relating solely to such cities were omitted from the report of said committee."

It is now in effect held by the majority opinion that sec. 926—2, found in the special charter chapter of the revision of 1898, reading: "Territory lying adjacent to any city so incorporated [viz. under special charter] may be annexed to such city in *the manner* provided by sections 925—17 to 925—21 inclusive," is the only source of any power granted to respondent to act as it did. Yet sec. 925—17, *supra,* is as much included in sec. 926—2 as is sec. 925—18, upon which latter alone respondent hinges its entire right of procedure. And the *manner* provided for in sec. 925—17 is the adoption by the special charter city by ordinance of the appropriate parts of the general charter law. All other special charter cities have been required to follow just such a *manner* of adopting by ordinance part of the general charter law of which they wished to avail themselves; and I am unable to see why such a course should not be followed in the instant case.

No good reason has been suggested why the respondent city, having no annexation power under its own special charter and yet desiring to step over into the general charter law

to take there that which is a larger power than any granted to general charter cities, should not have taken the plain and simple method of specifically, by ordinance, making subch. IV of the general charter law a part of its charter, as is required in every known instance under these laws.

That there is some possible duplication or repetition of provisions regarding annexation in the general charter law and the special charter law is of no more material significance than is the triplication as to classification of cities in these two laws, as is shown by sec. 925—1 in ch. 40*a* in the *general* charter law, again in sec. 926, and again in 926—1, both in ch. 40*b,* the *special* charter laws.

In the preface to the printed volume of the Milwaukee city charter prepared in 1914, it is mentioned that a difference of opinion exists as to what parts of ch. 40*a* (the general charter law, R. S. 1898) apply to the city of *Milwaukee* without a prior adoption, and that it is fairly well settled, however, that no section in the general charter law applies to *Milwaukee without adoption* unless it contains a phrase substantially as follows: "Applicable to cities specially incorporated," or "to cities operating under special charter;" neither of which phrases appears in the statutes relied upon by respondent here.

It may also be noted that in such revised Milwaukee charter as a part of ch. 1, in sec. 2*b* thereof, headed, "Annexation of territory," sec. 926—2, R. S. 1898, *supra,* is quoted verbatim as the only provision on the subject.

From the evident public policy of this state heretofore recognized there ought to be clear legislative grant of the peculiar and exclusive power exercised by the defendant special charter city of general charter provisions before it should receive judicial approval.

I am authorized to say that Mr. Justice JONES concurs in this dissent.

A motion for a rehearing was denied, with $25 costs, on February 10, 1925.