Mueller and others, Respondents, vs. City of Milwaukee, Appellant.

*March 22—May 6, 1949.*

For the appellant there was a brief by *Walter J. Mattison,* city attorney, and *Richard F. Maruszewski,* assistant city attorney, and oral argument by *Mr. Maruszewski.*

For the respondents there was a brief by *Richard J. McGinn* and *Neal J. Gleason,* attorneys, and *Albert B. Houghton* of counsel, all of Milwaukee, and oral argument by *Mr. Houghton* and *Mr. McGinn.*

BROADFOOT, J.  The questions involved on appeal are: (1) Whether the officers of Milwaukee county exceeded their authority in signing the petition for an annexation to the city of Milwaukee of a certain territory in the town of Milwaukee, Wisconsin; and (2) whether the city of Milwaukee was required to post and publish notices of the circulation of petitions for annexing territory as is provided by sec. 62.07 (1) (a), Stats.  In order to determine whether the ordinance annexing a portion of the town of Milwaukee to the city of Milwaukee is valid, it is necessary to review the relevant facts.

On March 31, 1947, the county board of Milwaukee county adopted the following resolution:

"(Item 2) Communications from the assistant city attorney attaching hereto a certified copy of a resolution adopted by the common council, city of Milwaukee, requesting the county board of Milwaukee county to take the necessary action to authorize the proper county officials to sign petitions for

the annexation to the city of Milwaukee certain described lands along North Green Bay avenue, part of Lincoln park, which lands are being considered as a housing site for the G. I.'s by the county of Milwaukee and described as follows:

"All that part of Lincoln Park presently owned by Milwaukee county which lies west of a line described as follows:

"Commencing at the northeast (NE) corner of the southeast (SE) ¼ of section 31, town 8 north, range 22 east; thence south along the east line of said ¼ section to the north bank of the Milwaukee river, thence along the right or westerly bank of the Milwaukee river to a point 454.87 feet east of the west line of the northwest ¼ of section 5, town 7 north, range 22 east, thence south along a line 454.87 feet east of and parallel to the west line of said northwest ¼ of section 5 to the center line of West Glendale avenue.

"Now, therefore, be it resolved, That the proper officers of the county of Milwaukee be and the same are hereby authorized to sign the petitions on the part of Milwaukee county for the annexation of the lands described herein."

On April 14, 1947, the chairman of the county board and the county clerk of Milwaukee county signed, pursuant to the above resolution, a petition on behalf of the county of Milwaukee as owner of approximately 72 acres of land sought to be annexed. It was stipulated that the lands described in the county board resolution were the same as the lands described in the exhibit of the petition setting forth a description by metes and bounds of the lands that the county signed for, as owners thereof.

The area in question was annexed pursuant to the following provision of the revised statutes of 1898:

*"Annexation and detachment of territory.* Section 926— 2. Territory lying adjacent to any city so incorporated may be annexed to such city in the manner provided by sections 925—17 to 925—21 inclusive; provided, that the petition required by section 925—18 shall be sufficient for the purposes therein mentioned if signed by one half of the resident electors and the owners of one half of the real estate within the limits of the territory proposed to be annexed. Territory may also

be detached from any such city in the manner prescribed by section 925—21a."

The owners of 141.13 acres signed the said petition, of which 72 acres are owned by Milwaukee county and are in Lincoln park, and 69.13 acres are owned by a large number of private individuals. Pursuant to the above statute, 282.26 acres could be annexed, and the city annexed a total of 259.57 acres.

The petition was filed in the office of the city clerk of the city of Milwaukee and on June 23, 1947, the common council of the city of Milwaukee by ordinance annexed the entire tract of land described in said petition to the city of Milwaukee. The ordinance was published by the city of Milwaukee on July 1, 1947, and by its terms became effective ninety days thereafter. The present action was commenced within the period prescribed by law for questioning the validity of said proceedings.

The evidence shows that the Milwaukee county board by its resolution of March 31, 1947, authorized its proper officers to sign a petition for the annexation of the 72 acres of land described therein. The officers did not sign the petition on behalf of the county of Milwaukee as the owner of any other lands within the boundary lines of the area proposed to be annexed. They limited their act to that authorized by the resolution. We hold that the officers did not exceed their authority.

The cases cited by plaintiffs all relate to county officers acting without authorization or beyond their authority, and are therefore distinguishable.

The city annexed 259.57 acres. This was proper because under the statutes a proper signing by the owners of fifty per cent of the area proposed for annexation automatically makes possible the annexation of an additional tract of land that is as large as that owned by the petitioners. There is nothing in the statutes regarding annexation of lands to a city that treats

county-owned lands differently from privately owned lands. The owners of lands who refused to sign the petition and opposed annexation of this property cannot prevent this property from being annexed if the signatures of the *owners of one half of the real estate* in the territory proposed to be annexed, as provided by sec. 926—2, R. S. 1898, have been obtained. Sec. 926—2 does not make an exception of county-owned lands. The county board by its resolution directed and authorized the annexation of 72 acres, and the proper officers signed the petition for annexation of these lands. These signatures fully complied with the county board's direction and authorization and are as effective as the signatures of private owners. The fact that other parcels of county-owned land, in addition to the 72 acres, were included in the annexation does not make the ordinance invalid. The provisions of sec. 926—2, requiring that owners of one half of the real estate within the limits of the territory proposed to be annexed sign the petition, were complied with.

The next question to be considered is whether the city of Milwaukee, in annexing territory, must comply with the provisions of sec. 62.07 (1) (a), Stats., which reads as follows:

"A petition therefor shall be presented to the council (1) signed by a majority of the electors in such adjacent territory and by the owners of one third of the taxable property thereof according to the last tax roll, or (2) if no electors reside therein by the owners of one half of said taxable property, or (3) by a majority of the electors and the owners of one half of the real estate in assessed value; provided, that no petition for annexation shall be valid unless at least thirty days and not more than forty-five days before any such petition is caused to be circulated, a notice shall be posted in at least eight public places in the municipality in which the adjacent territory is located, and a copy of such notice published in a newspaper of general circulation within the county in which said adjacent territory is located, at least fifteen days prior to the time when such petition is caused to be circulated, such notice to set forth that an annexation petition is to be circulated, and including an accurate description of the territory involved."

The city of Milwaukee, in annexing the territory in question, did not comply with the provisions of that section of the general charter law with regard to the posting and publishing of notices. The city claims it did not have to do so because it had not adopted that part of the general charter law by ordinance.

Prior to the revised statutes of 1898, the statute providing for the annexation of territory by special charter cities was repealed. Consequently at that time there was no way in which a special charter city could annex territory. Sec. 926—2, R. S. 1898, provided that special charter cities could annex territory in the same manner as that provided in the general charter law, which was contained in secs. 925—17 to 925—21, inclusive.

The plaintiffs contend that the law as to the annexation of territory by the city of Milwaukee was changed by the enactment of ch. 242, Laws of 1921. The pertinent excerpts of that chapter are as follows:

"An act to consolidate, renumber and revise chapters 64bb, 64c and part of 64cc of the statutes, relating to cities; to amend, repeal, consolidate, revise and arrange in appropriate sequence the sections, subsections and provisions of said chapters; to assemble in said chapters as consolidated pertinent provisions from other chapters of the statutes; to transfer from said chapters as consolidated to other chapters or parts of the statutes sections, subsections and provisions that logically belong in such other chapters or parts; to withdraw from the statutes provisions relating to cities of the first class under special charter and continuing said provisions in force as a part of the session laws creating or amending the same; and to remove obsolete matter from and to correct inconsistencies and inaccuracies in the sections, subsections and provisions of said chapters 64bb, 64c and part of 64cc for the purpose of providing a general charter applicable to all cities of the state except cities of the first class under special charter.

"*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

"Section 1. The numbers and titles of chapters 64bb and 64c of the statutes are consolidated, renumbered and revised to read:

"Chapter 62. *Cities, general charter law.* . . .

"62.03 *First class cities excepted.* (1) The provisions of chapter 62 of the statutes shall not apply to cities of the first class under special charter.

"(2) Any such city may adopt by ordinance the provisions of chapter 62 of the statutes or any section or sections thereof, which when so adopted shall apply to such city. . . .

"Section 14. Sections 925—17, 925—18, 925—19 and the first sentence of section 925—20 of the statutes are consolidated and renumbered to be subsection (1) of section 62.07 and amended to read:

"62.07 *Annexation and detachment of territory.* . . .

"Section 312. Sections 925—30a, 925—30b, 925—52c, 925—135d, 925—153m, 926a, first and last sentences of 926—2 . . . of the statutes are withdrawn from the statutes without repealing the origin of said sections which chapters are continued in force without modification or amendment."

From these provisions it is apparent that the purpose of that act was to provide a general charter for all cities of the state except Milwaukee, and to withdraw from the statutes provisions relating to cities of the first class under special charter but to continue them in force as part of the session laws.

The city relies on *Zweifel v. Milwaukee,* 185 Wis. 625, 201 N. W. 385. In that case, which was decided after the enactment of ch. 242, Laws of 1921, this court said (p. 632):

"Sec. 926—2 unequivocally conferred power upon cities organized under special charters to annex territory in the manner prescribed by the general charter law without adopting any portion thereof."

That portion of sec. 62.07 (1) (a), Stats., providing for posting and publication of notices prior to the circulation of a petition for annexation was enacted by ch. 283, Laws of 1933. The city of Milwaukee has not adopted this provision.

An examination of the record discloses that the city complied with the provisions of the laws affecting annexation of territory by it, and that its ordinance duly enacted on June 23, 1947, was valid.

*By the Court.*—The judgment of the circuit court is reversed and cause remanded with directions to dismiss the plaintiffs' complaint.

FAIRCHILD, J. (*dissenting*). The city of Milwaukee in annexing the territory in question did not comply with the provisions of the section now numbered 62.07 (1) (a), Stats., of the general charter law with regard to the posting and publishing of notices. The city claims, and the majority opinion holds, that the city did not have to give notice because it had not adopted that part of the general charter law by ordinance, and, therefore, annexation proceedings by the city are governed by the provisions of secs. 925—17 to 925—21, inclusive, and 926—2, R. S. 1898. ·

Prior to the revised statutes of 1898 the statute providing for the annexation of territory by special charter cities was repealed. Consequently, at that time there was no way in which a special charter city could annex territory.

Sec. 926—2, R. S. 1898, provided:

"*Annexation and detachment of territory.* Territory lying adjacent to any city so incorporated may be annexed to such city in the manner provided by sections 925—17 to 925—21 inclusive; provided, that the petition required by section 925—18 shall be sufficient for the purposes therein mentioned if signed by one half of the resident electors and the owners of one half of the real estate within the limits of the territory proposed to be annexed. Territory may also be detached from any such city in the manner prescribed by section 925—21a."

As I interpret it this gave special charter cities the right to annex territory in the same manner as that provided in the general charter law.

By ch. 283, Laws of 1933, now sec. 62.07 (1) (a), Stats., the legislature made this addition to the general charter law on annexation:

" . . . provided, that no petition for annexation shall be valid unless at least thirty days and not more than forty-five days before any such petition is caused to be circulated, a notice shall be posted in at least eight public places in the municipality in which the adjacent territory is located, and a copy of such notice published in a newspaper of general circulation within the county in which said adjacent territory is located, at least fifteen days prior to the time when such petition is caused to be circulated, such notice to set forth that an annexation petition is to be circulated, and including an accurate description of the territory involved."

The city of Milwaukee contends that the effect of sec. 926—2, R. S. 1898, was to make secs. 925—17 to 925—21, inclusive, a part of the charter of the city of Milwaukee. But it does not think that the amendment to those sections of the general charter law applies to it unless it has adopted them by ordinance.

The city relies on *Zweifel v. Milwaukee,* 185 Wis. 625, 632, 201 N. W. 385. In that case this court, as quoted in the majority opinion, said that, "sec. 926—2 unequivocally conferred power upon cities organized under special charters to annex territory in the manner prescribed by the general charter law without adopting any portion thereof." But the case did not hold, as the city of Milwaukee would have us believe, that amendments to the annexation provisions of the general charter law would not apply to special charter cities unless adopted by ordinance. On the contrary the conclusion reached in that case is clearly that, since the legislature made the statute apply without adoption by ordinance originally, it intended that subsequent amendments would apply equally. The city has the power to annex in the manner and as provided in the general charter law because "the enactment of sec.

926—2 . . . must be construed merely as declaring another class of cities which could annex territory in the manner prescribed by the general charter law." *Zweifel v. Milwaukee,* 185 Wis. 625, 633, 201 N. W. 385, 387. If the city desires to annex any territory, it must proceed under the terms of the statute giving the power. The grant of power to annex and the method and procedure to be followed is prescribed in the section of the general charter law and its terms are subject to amendment which will continue to control the city until otherwise provided.

This is a problem of legislation by reference. In *George Williams College v. Williams Bay,* 242 Wis. 311, 316, 7 N. W. (2d) 891, this court recognized the rule of legislation by reference: "By this doctrine when a statute adopts the general law on a given subject, the reference is construed to mean that the law is as it reads thereafter at any given time including amendments subsequent to the time of adoption. This is to be contrasted with adoption by reference of limited and particular provisions of another statute, in which case the reference does not include subsequent amendments. 2 Lewis' Sutherland Statutory Construction (2d ed.), p. 787 *et seq.,* secs. 405, 406. See *Cole v. Donovan,* 106 Mich. 692, 64 N. W. 741."

In that case the legislature had amended the village sewer assessments law to make the city law applicable "to the same extent as if villages were cities." In the present case the legislature has provided that cities under special charter can annex territory in the same manner as cities under the general charter law. In both cases there was a grant by the legislature of a general power—the power to make sewer assessments, the power to annex. There is no difference in the type of power granted in both cases. To hold as the majority does is to overrule the earlier case.

My dissent is proper and, in my opinion, necessary because of the effect of the decision on other sections of the statutes.

For example, there are thirty-one references in the statutes to ch. 32 on eminent domain. Under the majority decision if ch. 32 is amended, will everyone of those thirty-one sections wherein the reference is made have to be amended also? This could be true of the forty-two references to ch. 227 on administrative procedure and review, and of the great number of references in special court acts to the practice in circuit court or in justice court. Such a contention would break down all attempts at uniformity.

Sec. 926—2, R. S. 1898, was withdrawn from the statutes and put in the session laws by ch. 242, Laws of 1921. The fact that statutes may be withdrawn from the published laws and are to be found in the session laws does not destroy them as statutes or diminish their strength. In the section spoken of as withdrawn is to be found the source of the city's right to proceed with annexation. That section directly connects the source of the power with the manner of its administration. It is under the control of the legislature. When the manner and method are varied by amendment the city seeking to exercise that power must do so in the prescribed manner. The failure to give notice is, it seems to me, fatal to the proceedings.

I am authorized to state that Mr. Justice MARTIN agrees with this dissent.