TOWN OF LAKE, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*September 14—October 11, 1949.*

L. S. *McParland* and *Joseph F. Schoendorf,* both of Milwaukee, for the appellant.

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Richard F. Maruszewski,* assistant city attorney, and oral argument by *Mr. Maruszewski.*

BROADFOOT, J.   The facts in this case are not in dispute. A petition for the annexation of 91.58 acres of land was presented to the common council of the city of Milwaukee.   The land described in the petition was a part of the town of Lake and of assembly district number 10.   The petition was signed by sufficient electors and freeholders of the area which was later annexed.   The petition was duly considered, and on September 2, 1947, the common council of the city of Milwaukee passed and adopted an ordinance annexing the land to the city of Milwaukee pursuant to the provisions of sec. 926—2, Stats. 1898.   The ordinance became effective December 8, 1947.   After the annexation there remained a tract consisting of 4.62 acres in the town of Lake, connected with and contiguous to the remainder of the town only by a corridor or strip of land about 675 feet long and varying in width from 30 to 72 feet.   The 4.62 acres of land were owned by one Treuber and his wife and were used as a trailer camp.

The appellant concedes the following:

"Neither the form of the annexation ordinance nor the manner of its adoption are questioned.   The dispute centers on the effect. . . . The annexed territory is adjacent to the city within the boundaries fixed by its description, excepting for the encircled but not annexed 4.62 acres, . . ."

The appellant contends that the ordinance is invalid because its effect is to destroy the contiguity of the town of Lake and because its effect is to change the boundaries of the assembly

district and the senate district of which the annexed area was then a part, and after the annexation the assembly district would not "consist of contiguous territory and be in as compact form as practicable" and the senate district would not consist "of convenient contiguous territory" as required by secs. 4 and 5, art. IV, of the constitution.

The appellant also contends that sec. 62.07, Stats., in its operation, confers upon the common council of the city of Milwaukee the power to change the boundaries of assembly and senate districts which it contends is an exclusive and non-delegable legislative power, and that said section is therefore unconstitutional.

The pertinent part of the statute involved reads as follows :

*"Annexation and detachment of territory.* Section 926—2. Territory lying adjacent to any city so incorporated may be annexed to such city in the manner provided by sections 925—17 to 925—21 inclusive; provided, that the petition required by section 925—18 shall be sufficient for the purposes therein mentioned if signed by one half of the resident electors and the owners of one half of the real estate within the limits of the territory proposed to be annexed. . . . "

The word "adjacent" used in this section is synonymous with the word "contiguous" used in secs. 4 and 5, art. IV, of the constitution. The trial court found that the territory annexed is one entire area adjacent and contiguous to the existing boundaries of the city of Milwaukee. There is ample credible evidence to sustain his finding. That is the test of the validity of the ordinance. If the territory was adjacent to the then boundaries of the city of Milwaukee we can go no further than to see that the annexation proceedings were conducted in compliance with the statute. It is admitted they were.

The argument on the constitutional question can best be shown by a direct quotation from the brief of the appellant as follows :

"The power of a city to annex territory is conferred by sec. 62.07, Stats., and under this section that the annexation here involved was procured.

"Secs. 4.01, 4.02, Stats., establish the existing legislative and senatorial districts. Sec. 4.04 (1) provides that the wards of the city of Milwaukee referred to in secs. 4.01 and 4.02 are wards created by an ordinance passed by the common council of Milwaukee on May 1, 1931. Sec. 4.04 (2) provides:

" 'If any territory other than a village or city of more than 5,000 population by the last census is hereafter annexed to any city, it shall become a part of the assembly or senatorial district of which the ward in which it is incorporated by annexation forms a part; provided, that if this provision shall for any reason be held unconstitutional, such fact shall not invalidate any legislative apportionment act in which this section is included.'

"Clearly sec. 62.07 on its face authorizes a city council to change legislative districts by annexation proceedings. It prescribes no limitation as to area or as to legislative districts. In fact, the legislature by its own act, sec. 4.04 (2), contemplated that legislative districts may be changed by city councils by virtue of annexation. This action provided that territory annexed to a city shall become a part of the assembly or senatorial district of which the ward in which it is incorporated is a part.

"It is important to note that sec. 4.04 (2) was enacted in a special session of 1931 and that sec. 62.07 was enacted in 1933, and together, these two statutes constitute a legislative plan for (a) annexation, (b) the changing of legislative districts, and (c) for voting after annexation for members of the senate and assembly."

This argument is based upon a false premise on the part of the appellant. The annexation was not made pursuant to the provisions of sec. 62.07, Stats., but was made pursuant to the provisions of sec. 926—2, Stats. 1898. *Zweifel v. Milwaukee,* 185 Wis. 625, 201 N. W. 385; *Mueller v. Milwaukee,* 254 Wis. 625, 37 N. W. (2d) 464. This section was in effect long before the adoption of sec. 4.04 (2) above quoted. If there is any unconstitutional delegation of legislative power it is by virtue of that section, which is not in issue here and upon that question no decision is made.

*By the Court.*—Judgment affirmed.