Town of Wauwatosa, Appellant, vs. City of Milwaukee, Respondent.*

*March 7—April 3, 1951.*

* Motion for rehearing denied, with $25 costs, on June 15, 1951.

*William Kay,* attorney, and *Albert B. Houghton* of counsel, both of Milwaukee, for the appellant.

For the respondent there were briefs by *Walter J. Mattison,* city attorney, and *Richard F. Maruszewski,* assistant city attorney, and oral argument by *Mr. Maruszewski.*

A brief was filed by *C. R. Dineen,* attorney, and *Hubert O. Wolfe, Maxwell H. Herriott, George A. Schmus, Milton F.*

*Burmaster, Harry J. Hayes, Allen J. Busby, J. Finn Grimes,*
and *Lawrence G. Wickert* of counsel, all of Milwaukee, as
*amici curiae.*

GEHL, J.   In this action the town of Wauwatosa attacks
the validity of an ordinance of the city of Milwaukee annex-
ing an area of five hundred seventy-five acres lying in the
towns of Wauwatosa and Granville. The land sought to be
annexed consists of two relatively large bodies. The easterly
area is adjacent to the Ninth ward of the city, extends ap-
proximately fourteen hundred ninety feet from north to south
and from sixteen hundred to seventeen hundred feet from
east to west. The westerly area is about five miles from the
city limits; it consists of the Butler railroad yards of the
Chicago & North Western Railway, extends thirteen hundred
thirty feet more than two miles from north to south and
varies in width from east to west from a few feet to more
than a quarter mile.

To connect these two areas, and apparently to bring that
to the west within the character of being adjacent, there was
included in the description of the property in the petition for
annexation a strip of land three hundred thirty feet wide and
about four and a half miles long from east to west. The
center line of the strip is the center line of West Hampton
avenue and is also the line between the town of Granville to
the north and the town of Wauwatosa to the south. The
greater part of the territory adjoining the strip is agricultural
and farm lands.

The town contends that the proceedings of the common
council of the city to annex are defective because there was
failure to comply with sec. 925–18 of the statutes of 1898
requiring a proposition to annex to be submitted to a vote
of the electors of the district to be annexed. The city replies
that this issue was not raised by the pleadings, was not pre-
sented in the trial court, and that therefore we may not con-
sider it.

It is true that as a general rule this court refuses to consider questions not presented to the trial court for consideration. We have, however, under certain circumstances, considered such questions where they involve issues of law. *Braasch v. Bonde,* 191 Wis. 414, 211 N. W. 281; *Herro v. Heating & Plumbing F. Corp.* 206 Wis. 256, 239 N. W. 413; *Marshall & Ilsley Bank v. Stepke,* 228 Wis. 39, 279 N. W. 625. A question of law is presented here, one of moment and importance, the determination of which should not be delayed.

In its complaint the town alleges that the city had proceeded pursuant to the provisions of sec. 62.07 (1), Stats. This is denied in defendant's answer which also alleges that "the proceedings were taken pursuant to sec. 926–2, Stats. 1898." The latter is an allegation of new matter not pleaded as a part of a counterclaim and is deemed controverted. Sec. 263.26. Thus, the issue as to which of the statutes is applicable and whether there has been compliance with the section invoked by the city is made. *Roys v. Lull,* 9 Wis. *324.

We are therefore required to determine whether the city of Milwaukee in proceedings to annex is required to submit the proposition to a vote of the electors of the area to be annexed.

The city concedes, in fact it insists, that in this matter it proceeded under the provisions of sec. 926–2, Stats. 1898. In that contention the city is correct for it has taken no steps to adopt the provisions of sec. 62.07 (1). *Mueller v. Milwaukee,* 254 Wis. 625, 37 N. W. (2d) 464.

Sec. 926–2, Stats. 1898, which applies to cities under special charters, such as Milwaukee, provides:

*"Annexation and detachment of territory.* Section 926–2. Territory lying adjacent to any city so incorporated may be annexed to such city in the manner provided by sections 925–17 to 925–21, inclusive; provided, that the petition required by section 925–18 shall be sufficient for the purposes therein mentioned if signed by one half of the resident electors

and the owners of one half of the real estate within the limits of the territory proposed to be annexed. Territory may also be detached from any such city in the manner prescribed by section 925–21a."

It will be observed that by that provision it is required that the city proceed in the manner provided by secs. 925–17 to 925–21, inclusive, of the statutes of 1898. Sec. 925–18 provides that the council may, after certain other preliminary steps and "when the proposition to annex has been submitted to a vote of the electors of the district to be annexed and a majority of the resident electors have voted in favor thereof," pass an ordinance annexing territory.

To the point that no referendum is necessary the city cites *Mueller v. Milwaukee, supra; Zweifel v. Milwaukee,* 185 Wis. 625, 201 N. W. 385; and *Lake v. Milwaukee,* 255 Wis. 419, 39 N. W. (2d) 376. It is true that in each of these cases the court uses language from which it may be inferred that all of the provisions of secs. 925–17 to 925–21, Stats. 1898, had been complied with. In none of them was the question whether a referendum is required presented or determined; they may not be considered as authority for the city's contention.

Where a legislative act refers to another for the procedure to be taken the latter becomes a part of the former to the same extent as though actually incorporated in the former. 50 Am. Jur., Statutes, p. 57, sec. 38. *Department of Banking v. Foe,* 136 Neb. 422, 286 N. W. 264, 123 A. L. R. 894. The provisions of sec. 925–18, Stats. 1898, are to be considered as a part of sec. 926–2. Where the manner in which the power of a municipality is to be exercised is prescribed by statute it must proceed in conformity with the statute. 37 Am. Jur., Municipal Corporations, p. 731, sec. 117. *Kneeland v. Milwaukee,* 18 Wis. *411. The rule is applicable to a proceeding to extend a city's boundaries. 37 Am. Jur., Municipal Corporations, p. 639, sec. 23.

The referendum required by the provisions of sec. 925–18, Stats. 1898, was not had; the omission is fatal.

The entire area sought to be annexed now lies in the Twentieth assembly district. The ordinance provides that it shall remain attached to and constitute a part of that district. The town contends that the city's proposal would violate the provisions of sec. 4, art. IV of the Wisconsin constitution. It provides:

"The members of the assembly shall be chosen biennially, by single districts, . . . such districts to be bounded by county, precinct, town, or ward lines, to consist of contiguous territory and be in as compact form as practicable."

The east boundary line of the area proposed for annexation now forms a part of the west boundary line of the Ninth ward of the city. To permit the extension of the Ninth ward by means of the annexation as is proposed would eliminate this boundary line as the mark between the Ninth assembly district, of which the Ninth ward is a part, and the Twentieth assembly district. In other words, neither the Ninth assembly district nor the Twentieth assembly district would be bounded by a ward line as is required by the constitutional provision above quoted.

In *State ex rel. Hicks v. Stevens,* 112 Wis. 170, 88 N. W. 48, cited by the city, the court had to deal with the conflict between the constitutional mandate that members of the assembly shall be chosen from districts to be bounded by county lines and the power of the legislature to create new counties. No effort had been made to separate an assembly district.

Nor do the cases of foreign jurisdictions cited by the city deal with statutes or constitutional provisions similar to those here considered.

Because of the conclusions arrived at we do not consider it necessary to consider the contention of the town that the attempted annexation is unreasonable because of the shape

of the area, nor that of the city that sec. 4.04 (2), Stats., is unconstitutional.

We conclude that the ordinance is void.

*By the Court.*—Judgment reversed, with directions to enter judgment determining that the annexing ordinance is invalid and void.